ISAAC HOCHSTER *against* MYER BARUCH.

The agent of a foreign principal is personally bound upon contracts made by him for his principal.

Defendant offered to plaintiff, in case he would not put in a defense in a certain suit, to pay his lawyer's fees, but on the next day, and before the plaintiff's time to put in his defense had expired, notified the plaintiff that he withdrew his offer. Plaintiff did not put in a defense in the suit, and sued defendant for his lawyer's fees: *Held*, that as plaintiff had not, before receiving the notice of withdrawal, accepted the defendant's offer, and bound himself not to put in a defense, and might have put it in afterwards, that he could not recover.

APPEAL from judgment of justice of Fourth District Court in favor of plaintiff for $85.

The facts are stated in the opinion.

J. F. DALY, J.—The judgment should be reversed. The evidence shows that defendant agreed to pay the expenses, not as agent of Rothschild, but as principal. Even if he made the agreement as agent of Rothschild, yet, having no authority to make it, he would be liable, upon the principle that one who assumes to contract in the capacity of agent without having competent authority to do so becomes himself personally bound (7 Wend. 315; 1 Denio, 402). He had no authority, and says so himself. And still further, if, as the testimony would indicate, Rothschild lived in Germany, the defendant would be liable upon the cases holding that the agent of a foreign principal is personally bound upon contracts made for the principal (Story on Agency, § 268, notes and cases cited). The action therefore was properly brought against defendant personally. But the evidence does not satisfy me that the minds of the parties ever met so as to produce an agreement upon which this action could be maintained, nor that plaintiff was led by the vague promise proved to abandon his claim or lose any advantage he might otherwise have enforced. Both parties swear substantially to these facts: That defendant, as agent of Rothschild, was

foreclosing a mortgage in this city for the latter; that plaintiff, as a party defendant in the foreclosure suit, was about to put in an answer setting up a claim against Rothschild; that defendant promised him if he would not put in such answer he would pay the expenses of this plaintiff's lawyer, if they were not too much; that they went to the lawyer's office, but he was not in; that they saw a Mr. McCullogh, but could not ascertain what the expenses were, and agreed to meet there again next day to ascertain what the expenses were; that defendant did not go there next day, but sent there instead to this plaintiff a letter saying he had no authority from Rothschild to make any payment whatever; that the plaintiff had at least one day's time after that letter was sent to put in his answer setting up his claim, but he did not. He afterwards paid his lawyer $85, and the justice below gave him judgment for that sum. Where was the agreement between the parties? At best, there was but an offer by defendant to pay the expenses "if they were not too much." They endeavored to ascertain how much they were, but could not on that day, and defendant refused afterwards to do anything further. Had plaintiff, on the faith of this offer, between the time of the agreement to go next day to the lawyer's office and the sending of the letter, lost the opportunity of enforcing his claim, it is possible he might recover the amount of a reasonable fee for the lawyer's services in drawing the answer. But this was not the case. He had time enough to put in his answer after defendant's refusal to make an arrangement. When the offer was made him by defendant he had given no consideration for it, neither by withdrawing his answer nor agreeing to do so. It appears, from the conduct of the parties, that nothing was settled between them, but that an "arrangement" was yet to be made when the amount of costs was ascertained; that they had in fact proceeded no further than to negotiate as to an agreement, but made none.

Judgment should be reversed, with costs, and plaintiff left to a new action if he have other testimony to offer in support of his claim.

DALY, Ch. J., and LOEW, J., concurred.

Judgment reversed.