BAUMAN RUBBER COMPANY, Plaintiff, *v.* KARL LIGHT & SONS, INC., KARL LIGHT and JOSE BUBLIK, Defendants.

Supreme Court, New York County, May 6, 1930.

*Samuel Nirenstein* [*Julius J. Nirenstein* of counsel], for the plaintiff.

*Reit & Kaminsky* [*H. J. Reit* of counsel], for the defendants Karl Light & Sons, Inc., and Karl Light.

HAMMER, J. Upon the trial at the end of plaintiff's case the complaint was dismissed as against Light, the individual defendant. Verdict directed for the defendants. Exception to plaintiff. Defendants' first and third defenses and counterclaim accordingly fall. The motion made by plaintiff for a dismissal of defendants' first separate and distinct defense, as well as defendants' third separate and distinct defense and counterclaim, is granted, but not on the merits. Exception to defendants. Thirty days' stay of execution and sixty days to make a case on appeal in each instance. Although from the proof adduced it appears that plaintiff would be entitled to recover against the defendant Bublik alone, if he were before the court, since he has not been served and has not appeared, this decision does not pass upon his liability or rights. Plaintiff has urged as matter of law that defendant corporation is liable for the amount in suit for the reason that it is a balance due for merchandise purchased by such defendant as resident agent for a foreign principal, that is, Bublik the defendant, of Buenos Aires, Argentine. The mere fact that such defendant was the resident agent of a foreign principal does not of itself make it liable. (1 Mechem Agency [2d ed.], § 1417; 31 Cyc. 1555 (E); 2 C. J. § 490, p. 816; *Kirkpatrick* v. *Stainer*, 22 Wend. 244, prevailing opinion stating the New York rule by Senator VERPLANCK; *Taintor* v.

*Prendergast,* 3 Hill, 72; *Oelricks* v. *Ford,* 23 How. [U. S.] 49, at pp. 64, 65; *Berwind* v. *Schultz,* 25 Fed. 912, at pp. 918, 919.) The statement in *Hochster* v. *Baruch* (5 Daly, 440) to the contrary was not necessary to the determination of that case and appears to be dicta. A resident agent may, of course, by agreement or by acts indicating such an intention between the parties substitute or superadd his own liability to that of the principal. (*Hall* v. *Lauderdale,* 46 N. Y. 70; *Jones* v. *Gould,* 123 App. Div. 236; *Voss* v. *Lowry, Inc.,* 225 id. 507.) In this case no such agreement or intention is shown by the proof.