Nicholas M. Pette, J.
Defendant Cavalcade Tours, Inc. (hereinafter: Cavalcade) moves for judgment dismissing the amended complaint and the causes of action alleged therein as against it, pursuant to CPLR 3211 (subd. [a], par. 7), upon the alleged ground that said amended complaint fails to state *855 a cause of action on the face thereof as against said defendant Cavalcade.
Loew’s Theatres, Inc. (hereinafter: Loew’s), Maurer Tours, Inc. (hereinafter: Maurer), Cavalcade and Hotel Americana of Puerto Rico, Inc. (hereinafter: Americana) are all corporations. The amended complaint contains several alleged causes of action against each of said defendants.
Since the causes of action alleged against Cavalcade incorporated the first 19 paragraphs of the amended complaint, which constitute the first cause of action by plaintiffs Mack Sacks and Veda Sacks, his wife, against defendants Loew’s and Americana, reference thereto is necessary. In that cause of action it is alleged that defendants Loew’s and Americana owned, operated and controlled a hotel in Puerto Rico known as the Americana of San Juan (hereinafter: The Hotel); that on October 21, 1964, said plaintiffs, through defendants Maurer and Cavalcade in New York, booked hotel reservations at The Hotel for a period commencing November 6, 1964 to November 16, 1964, and that they paid for said reservations; that Loew’s and Americana did not make the accommodations available at the time of said plaintiffs’ arrival but that, ultimately on that same day, they were accepted as guests; that on November 14, 1964 (two days before the departure date scheduled), without just cause, they were locked out of their room accommodations and assaulted by agents or employees of defendants, and their personal belongings were removed from the room accommodations and placed in the lobby. It is further alleged that, by reason of such exclusion and assault, said plaintiffs sustained personal injuries, mental anguish, pain and suffering, and recovery is sought as to each in the sum of $250,000, plus punitive damages of $750,000.
The plaintiffs Chester Schwimmer, Florence Schwimmer, Rodney Ball and Silvya Ball make similar allegations against defendants Loew’s and Americana, except that the demands for damages on behalf of these plaintiffs are lesser in amount.
In paragraphs “ 32 ” to “ 43 ”, both inclusive, of the amended complaint, each of the plaintiffs seeks to recover various sums from defendant Cavalcade, as compensatory damages only, upon the alleged premise that defendants Maurer and Cavalcade acted as tourist booking agents and held themselves out to be “ enabled to book and obtain hotel room accommodations ” at The Hotel, and that, prior to October 21, 1964, plaintiffs had entered into an agreement with Maurer whereby, for a consideration to be paid to it, Maurer agreed to obtain and reserve hotel accommodations at The Hotel for the period from *856 November 6 to November 16 and that defendant Maurer secured such accommodations through defendant Cavalcade.
Plaintiffs further allege that defendants Maurer and Cavalcade breached their agreement with plaintiffs in that they knew, or should have known, from their previous business experience with defendants Loew’s and Americana, that the “activities” (lockout and assault) had taken place before; that The Hotel was not reliable with respect to reservations; and that defendants Maurer and Cavalcade should have advised them of such unreliability; and that, by reason thereof, defendants Maurer and Cavalcade are liable to them for compensatory damages.
Defendant Cavalcade’s instant motion, therefore, poses the issue whether a hotel guest has a cause of action against a tourist agency for a breach of a contract (reservation ordered, confirmed and paid for) and for the tortious conduct by the hotel and its employees against a guest.
Defendant Cavalcade contends that a booking agent who secures accommodations at a hotel for a guest is not liable to the guest for damages sustained by him as a result of the tortious conduct of the hotel.
This court is of the opinion that an agent is not liable for the tortious conduct of a principal. Regardless of the relationship between plaintiffs and Cavalcade and even assuming, arguendo (without conceding such to be the fact), that Cavalcade was plaintiffs’ agent or subagent, Cavalcade would still not be liable as such agent for the tortious acts or the breach of contract of The Hotel. (See Prosser, Torts [3d ed.], § 69, p. 479.)
To seek to hold Cavalcade liable on such a tenuous claim that Cavalcade should have known and anticipated that The Hotel was unreliable and should have so advised plaintiffs, is rather grasping at straws to support an illusory claim which has no basis in law. That Cavalcade, ooncededly a middleman in the transaction, owed any duty or obligation to plaintiffs to forewarn them of such a far-fetched possibility that The Hotel would commit the tortious acts complained of, is as absurd as it- is without merit.
In this court’s opinion, any responsibility that Cavalcade had in the subject transaction terminated when it obtained confirmed and paid for reservations at The Hotel specifically requested by plaintiffs through the defendant Maurer.
The court has not been referred to any case, nor has it, after independent research, been able to find any case, holding a middleman or, as here, a booking agent liable for the tortious acts *857 or breach of contract of the eventual dispenser of the services purchased.
Accordingly, the motion by defendant Cavalcade to dismiss the amended complaint as against it for failure to state a cause of action on the face thereof as .against Cavalcade is granted, with leave to plaintiffs, if so advised, to serve an amended complaint within 20 days from the service of a copy of the order to be entered herein with notice of entry thereof.