A. Franklin Mahoney, J.
The defendant moves for summary judgment dismissing the complaint (CPLR 3212).
The plaintiffs contracted with the defendant for a European tour and while being transported from Antwerp to Amsterdam in Holland, the plaintiff, Natalie Dorkin, sustained personal injuries when the tour bus in which she and her husband were riding braked abruptly causing her to be thrown to the floor. *674 The plaintiffs particularized the negligence of the defendant herein as a failure to exercise reasonable and prudent care in providing or causing to be provided safe equipment and careful personnel in the discharge of its contractual obligation to supply a safe, entertaining European vacation. Such failure, plaintiffs contend, support one or both of their causes of action in negligence and/or breach of contract.
In my view, neither cause of action can survive the motion..
If the defendant, American Express Company, were the agent of the various hotels and transportation companies that actually supplied the services abroad, then liability must fail on the ground that an agent is not responsible for the tortious conduct of a principal (Sacks v. Loew’s Theatres, 47 Misc 2d 854). Next, it must be presumed that in today’s shrinking but more affluent world that regards jet airline ocean crossings as routine vacation jaunts, plaintiffs were aware that the defendant did not itself own or control airlines, foreign hotels or modes of transportation, but, rather, acted as domestic agent for those foreign or domestic corporations whose business it is to supply these services. In this context it can be stated that the mere fact that an agent is the resident agent of a foreign principal does not of itself make the agent liable to a third person. In the absence of agreement or acts indicating an intention of the contracting parties to superadd the responsibility of the agent, there is no such responsibility of the agent to third parties for tortious acts of the principal (Bauman Rubber Co. v. Light & Sons, 137 Misc. 258). Similarly, there is no liability on the part of the agent for breach of contract by the principal. Indeed, in the instant case there was no breach of contract either between plaintiffs and the defendant agent or between plaintiffs and the bus company on whose vehicle the accident happened. American Express Company contracted on behalf of its principals, if we regard the defendant as an agent (which I do not, although I recognize that the nomenclature “ travel agent” is used to designate or describe the nature of defendant’s business), to provide for a planned, structured trip to Europe with a designated place of beginning and a point of termination covering a .stated number of days and to provide for food and lodging and transportation between points to be visited within the context of the total trip. That it did, and plaintiffs do not contend otherwise. American Express Company did not guarantee a good time, (leaving that to the exciting emotion of anticipation that resides in us all) nor that plaintiffs would return safely without adverse adventure or harm. It could not be charged *675 with forseeability of possible motor bus accident and resulting injury. The defendant did what it contracted to do and does not have to respond in damages either in negligence or for breach of contract, based on principles of agency.
If the defendant is regarded as a disclosed principal, rather than as an agent (which, in my view, is its true status), then the same result obtains, because those foreign corporations that supplied services to plaintiffs, were, in their legal relationship to American Express, independent contractors. An independent contractor is one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer, except as to the product or result of his work (28 N. Y. Jur., Independent Contractors, § 1, p. 85). Such is the case herein. The European bus company was retained by defendant to transport plaintiffs and others in and about Europe. American Express could not and did not exercise any control over the type of bus used or how it was operated or even its route. The defendant was only interested in the result and when that was achieved, it paid the bus company for services rendered. Recognition must be given, however, to the exceptions to the general rule of exemption from liability of a hirer for damages caused by the negligence of his independent contractor. Thus, it can be said, the hirer or principal remains liable (1) where the thing contracted to be done is unlawful, (2) where the acts performed create a public nuisance, (3) where a duty is imposed by statute or ordinance, (4) where the hirer is under a nondelegable duty to perform the services promised, (5) where the work to be performed is inherently dangerous and (6) where the principal or hirer assumes a specific duty by contract. A perusal of the above exceptions to the general rule of nonliability by a principal or hirer for damages caused by the negligent act of a contractor indicates that only exception (6) above might be considered under the facts of the instant case, and, consideration causes it to be rejected. The “tour membership contract ” specifically provides that American Express Company disclaims all responsibility or liability for personal injury to any person due to any cause whatsoever occurring during the tour. Without considering the issue of whether a party may contract its own exclusion from liability because of its own negligent acts, the provision to that effect in the tour contract is ample evidence of the absence of any intent of American Express to assume a specific duty by contract with respect to the safety of the tour members. Therefore, since no presumption of incompe *676 tency on the part of the independent contracting bns company arises from the negligent act which injured Mrs. Dorkin and, further, since any fair reading of the relationship between the defendant herein and the foreign bus company unequivocally establishes the relationship of principal or hirer and independent contractor, no liability for the injury sustained by Mrs. Dorkin can be attributable to American Express Company either on the theory of negligence or breach of contract.
The motion for summary judgment dismissing the complaint is granted.