186 N.J. Super. 47 (1982)
451 A.2d 203
JOHN JOSEPHS AND REGINA JOSEPHS, PLAINTIFFS,
v.
WAYNE FULLER (CLUB DOMINICUS) AND RICHARD'S TRAVEL SERVICE, INC., DEFENDANTS.
Superior Court of New Jersey, District Court Bergen County.
January 8, 1982.
*48 Norman J. Chidiac for plaintiffs.
Lloyd M. Cohen for defendants (Cohen & Cohen, attorneys).
SCIUTO, J.D.C.
This is an action by John and Regina Josephs against a resort known as Club Dominicus and a travel agency known as Richard's Travel Service, brought because defendant's resort accommodations were substandard.
It is uncontested that defendant Richard's Travel Service (Richard's) recommended and arranged for plaintiffs to spend their vacations at Club Dominicus in the Dominican Republic, and that the accommodations provided by Club Dominicus were far below standard.
It appears, further, that Richard's is independent from Club Dominicus except for the commissions received for booking vacations.
*49 Richard's moved for involuntary dismissal at the end of plaintiffs' case on the ground that plaintiff had not proved any facts upon which liability of a travel agent could be based. (It should be noted that defendant Club Dominicus is not involved at this point of the litigation because it is in default for failing to answer the complaint.)
Richard's argues that it was simply an agent for a disclosed principal and, as such, owed no duty to plaintiffs. The only party owing any duty to plaintiffs was the disclosed principal, Club Dominicus, and that party is the only one liable for a breach.
For the reasons enunciated herein, Richard's motion is denied.
Defendant is mistaken in its contention that because it was paid by Club Dominicus it was the agent of Club Dominicus only, and since its principal was disclosed to plaintiffs, it owed no duty to plaintiffs.
The court has found no case in any jurisdiction directly on point. The cases cited by defendant are not helpful since they do not address the issue presented here, namely, does a travel agent owe any duty of care to the traveler?
In E.A. McQuade Travel Agency v. Domeck, 190 So.2d 3 (Fla.Sup.Ct. 1966), cited by defendant, the court held that a travel agent was not liable for the return of money paid to a cruise line after the line filed in bankruptcy. A similar result was reached in Unger v. Travel Arrangements, Inc., 25 A.D.2d 40, 266 N.Y.S.2d 715 (1966). These cases are of no assistance because there is no indication in either of them that the travel agents involved failed their clients in any way by making arrangements.
The only case cited by defendant that is factually close to the case at bar is Sacks v. Loew's Theatres, 47 Misc.2d 854, 263 N.Y.S.2d 253 (1965). There, a travel agent was sued by his client, who was assaulted and locked out of his room by employees of the hotel at which the agent had booked his stay. *50 The agent was exonerated from liability, on the theory of foreseeability. The agent could not be held liable for there was no way he could have known that the hotel or its employees would commit such tortious acts. Had the travel agent in Sacks been liable, it would be tantamount to the agent becoming a guarantor of the traveler's safe trip. Such a result was properly avoided.
Similarly, the New York Appellate Division held that American Express was not liable for injuries sustained by a person on one of its bus tours. The bus on which the traveler was riding was owned and operated by an independent contractor and American Express had expressly disclaimed any warranty of safety. Dorkin v. American Express, 43 A.D.2d 877, 351 N.Y.S.2d 190 (1974).
None of the cases cited by defendant indicated any failure or breach of duty or care on the part of defendant travel agents. It would seem clear, however, that had the travel agent in Sacks known of similar instances of assault or harassment by the hotel in question, he would be responsible for the damages sustained. That fact, i.e., knowledge by the travel agent, is the missing element in all the cases defendant cites.
It is not contended or proved by plaintiffs that Richard's knew that Club Dominicus' accomodations were primitive. It is clear, however, that they took their vacation there on defendant's recommendation. A travel agent holds himself out as having some expertise, and a traveler should be able to rely on that expertise. It would seem that a travel agent who makes arrangements for a vacation not knowing anything about the accommodations, has acted negligently. The agent would, therefore, be liable for damages sustained if the accommodations are sub-par.
Defendant's position is that even if it was negligent in booking a vacation at a resort about which it knew nothing, it is not liable because it owed no duty to plaintiffs. This is clearly wrong.
*51 Since defendant's commissions were paid by Club Dominicus, those commissions would not be earned without plaintiffs' patronage. The pecuniary benefit bestowed on defendant by plaintiff forms the basis of a legal duty:
As a travel agent, [defendant] owed a certain duty to [its customers]. A travel agent is a special agent, akin to a broker, which engages in a single business transaction with the principal. [United Airlines v. Lerner, 87 Ill. App.3d 801, 43 Ill.Dec. 225, 228, 410 N.E.2d 225, 228 (Ill. App.Ct. 1980)]
In Lerner, United was sued as travel agent because plaintiffs were denied access to a ski lodge at which United had made reservations for them, because the roads were closed by snow. The court held that United was not liable because road closings due to snow were only a possibility, and a travel agent was not required to be "prescient." Id. 43 Ill.Dec. 225, 228, 410 N.E.2d at 228. The court implied, however, that had the threat of snow closings been more than a mere possibility, United would have been liable, and recognized a duty owed by the agent to the traveler: "The travel agent must disclose all information the agent learns which is material to the object of the agency." (Id. 43 Ill.Dec. at 228, 410 N.E.2d at 228)
Although the Illinois court said that the travel agent has no duty of investigation, id. 43 Ill.Dec. at 228, 410 N.E.2d at 228, it would seem absurd to hold that defendant Richard's had no duty to acquire any knowledge of the facilities it was booking. Plaintiffs could well have made their own arrangements, choosing a resort at random. But rather than risk a substandard vacation, they took advantage of the service offered by defendant. As it turned out, defendant had little or no more knowledge than plaintiffs.
This court, therefore, holds that when a traveler relies on the recommendations of a travel agent and suffers damage because of accommodations so totally unacceptable that any reasonable travel agent would have known not to make such recommendations, the travel agent is liable.
Motion denied.