OPINION OF THE COURT
David B. Saxe, J.
This case explores the obligations of a travel agent to a consumer.
The essential facts are as follows: during July of 1987, the claimant, Marsha Levin, purchased a round-trip ticket from *246 New York City to Paris for her teen-age daughter who was scheduled to participate in a two-week student work-study program in France. The ticket, booked both ways on Air France flights, was purchased from Kasmir World Travel, Inc., in New York City and cost $680. Upon arriving in Paris, Mrs. Levin’s daughter was denied entry and was placed on the next Air France flight destined for the United States. She was denied entry because of her failure to present a visa upon her arrival in France. The claimant asserts that she was not informed of these visa requirements and that it was the obligation of the travel agent to inform her of these visa requirements which were adopted by the French government in an apparent attempt to deal with terrorist activities directed at Americans abroad. In fact, Mrs. Levin testified that only a few years before her daughter’s trip, she herself had traveled to France without being required to present a visa. She has now sued Kasmir which in turn has claimed over against Air France.
For its part, Kasmir has denied liability, claiming the extent of its responsibility ended with its furnishing the claimant with a round-trip ticket. In other words, Kasmir asserts that its responsibility is that of a mere "ticket agent” and, if the claimant wanted additional services, those services would have had to be specifically requested and paid for. Kasmir has accordingly served a third-party complaint against Air France; both the travel agent and the airline now move to dismiss the complaint against themselves.
A determination of negligence requires three essential elements: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a failure by the defendant to discharge that duty; (3) injury to the plaintiff as a result of that failure. (See, Peresluha v City of New York, 60 AD2d 226, 230; see generally, 41 NY Jur, Negligence, § 7, at 13.) Here, Kasmir is disputing the existence of any duty on its part to inform a customer of applicable travel restrictions.
The duty of a travel agent has been held to include such responsibilities as verifying or confirming reservations. Thus, in Bucholtz v Sirotkin Travel (74 Misc 2d 180, 182, affd 80 Misc 2d 333) where a travel agent was engaged to make airline and hotel reservations for the customer, but failed to confirm the hotel reservations, it was held that the travel agent’s failure constituted a breach of its duty as the agent of the customer. Similarly, Barton v Wonderful World of Travel (28 Ohio Misc 2d 6, 502 NE2d 715) explained that a travel *247 agent has a duty to the customer to use reasonable care in making travel reservations and then to correctly confirm those arrangements. In general terms, a travel agent is "required to have the degree of skill and knowledge requisite to the calling”, to exercise "good faith and reasonable skill, care and diligence”, and to "possess reasonable knowledge of the types of carriers, lines and accommodations that they select for their principals, and all significant attendant matters” (see, Rodriguez v Cardona Travel Bur., 216 NJ Super 226, 229, 523 A2d 281, 283; emphasis added).
It has been generally noted that beyond the duty to confirm travel reservations, travel agents should be expected to provide information which is necessary and of importance to the traveler. (See, Recent Developments, Travel Agency Liable to Travelers When Its Failure to Confirm Reservations Ruins Vacation, 74 Colum L Rev 983, 993-994 [1974].) More specifically, in a case closely analogous to the facts here, the court in Compagnie Nationale Air France v Castano (358 F2d 203 [1st Cir 1966]) ruled that where an international air carrier, acting as a travel agency, failed to warn a passenger, upon his purchase of a ticket, that he would be prevented by immigration officials from entering the country of his destination unless he had a proper visa, that carrier would be liable for all damages and injuries proximately flowing from the passenger’s exclusion from that country due to his failure to secure a visa. This holding recognizes that the travel agent is not merely a dispenser of tickets but also a fiduciary on whose expertise a traveler may reasonably rely.
Based on the Compagnie Nationale case (supra), I conclude that Kasmir had a duty to notify the traveler about the need for a visa before entering France. This view is in accord with the expanding role of the travel agent to provide all relevant and necessary information to the consumer who reasonably relies on the agent’s expertise. Here, it was, I hold, reasonable to expect Kasmir to alert its passenger to important changes in the visa requirements of foreign nations. It was also reasonable for Mrs. Levin to rely on Kasmir to supply this information. After all, the travel agency was clearly in a position to assemble and disseminate this basic and significant type of travel information. Having not done so, Kasmir breached its legal duty to the claimant.
I am aware of Kasmir’s contention that its relationship to the claimant was merely that of a ticketing agent and consequently duties beyond the actual sale of the ticket could not *248 implicate such an agent. This view is advanced by at least one California court (McCollum v Friendly Hills Travel Center, 172 Cal App 3d 83, 217 Cal Rptr 919 [1985]), but is not one adopted in this State, nor one that I find appealing. Indeed, information concerning entry or visa requirements into foreign lands is so basic to the actual purchase and sale of the ticket that the seller of the ticket must be obliged, as a matter of law, to furnish it to all affected consumers.
Not having done so in this case, Kasmir is liable. Its claim over against Air France is dismissed because there appears to be no breach of responsibility in this relationship (see, Belyayev v Air France, NYLJ, Mar. 31, 1989, at 21, col 2 [App Term]).