Dr. Binode DAS and Bibhas Das, Plaintiffs,

v.

**ROYAL JORDANIAN AIRLINES and Bengal Travel Service, Defendants.**

**No. 90 Civ. 4263 (CMM).**

United States District Court, S.D. New York.

June 14, 1991.

Rogers & Wughalter, Daniel Rogers, Bronx, N.Y., for plaintiffs.

Condon & Forsyth, Steven Rickman, New York City, for defendant Royal Jordanian Airlines.

Charles A. Grutman, New York City, for defendant Bengal Travel Service.

## OPINION

METZNER, Senior District Judge.

Plaintiff Binode Das (Das) seeks damages from the defendants Royal Jordanian Airlines (Jordanian) and Bengal Travel Service (Bengal) for breach of contract and negligence based on the refusal of Jordanian to honor his two tickets for passage to Calcutta, India, purchased through Bengal.

The action was originally instituted in the Civil Court of New York, Bronx County, but removed by Jordanian to this court pursuant to 28 U.S.C. § 1441(d) which confers jurisdiction on this court in actions brought against a foreign state. This section also provides for a bench trial of such actions.

On June 13, 1989, reservations were made by Bengal for Das and his son for passage on Jordanian's flight to Calcutta on December 23, 1989, with a change of planes in Amman, to flight no. 184. These reservations were confirmed by Jordanian. Subsequently, on September 9, 1989, Jordanian gave appropriate notice over the computer system that flight 184 had been cancelled. On October 24, 1989, Bengal obtained new reservations for December 30, 1989, but the passengers were "wait listed." Das claims he was not notified of the cancellation of the flight, nor did he ever request a change in his departure date from December 23 to December 30.

On November 12, 1989, Das paid $2,424 for two tickets. Some time between September 9, 1989 and November 21, 1989, Jordanian had reinstated the flight from Amman to Calcutta, with a new flight number of 194 and a later departure time. On November 21, 1989, Bengal changed the reservations back to December 23, 1989. However, by November 21, all the seats on flight 194 had been sold and Bengal was advised on that day that Das was "wait listed."

Das admitted in a letter to Bengal that he knew in November that he was "wait listed." He made complaint, he says, to both Jordanian and Bengal about his status. Despite Bengal's knowledge of this, it issued the two roundtrip tickets in question on December 4, 1989, showing that they covered confirmed space. The details on the tickets issued were handwritten. They were not computer-generated through Jordanian's system. If they had been, they would have indicated the "wait listed" status.

■ Bengal's owner testified that he only found out on December 21, 1989, from Das, of the "wait listed" status. He claims he called Jordanian and urged the change to confirmed status. He voiced his opinion that if Jordanian cancelled the flight and then reinstated it, the holders of confirmed seats on the original flight should be entitled to the same status on the reinstated flight.

I find that independent proof of this obligation is lacking and that such obligation does not exist in the industry.

The saga ends, of course, on December 23, 1989, when Das appears with his son at JFK Airport to find that they were "wait listed" without chance of obtaining seats.

■ I find that Bengal knew on November 21 that Das was "wait listed," and should not have issued confirmed tickets to Das on December 4, 1989.

■ It is clear that Bengal was Das's agent, and as such owed a duty of due care to Das. It is responsible to Das for breach of its fiduciary duty. *Bucholtz v. Sirotkin Travel,* 74 Misc.2d 180, 343 N.Y.S.2d 438 (Nassau Co. Dist.Ct.1973); *Levin v. Kasmir World Travel,* 143 Misc.2d 245, 540 N.Y.S.2d 639 (Civ.Ct.N.Y.Cty.1989); *cf. United Airlines v. Lerner,* 87 Ill.App.3d 801, 43 Ill.Dec. 225, 228, 410 N.E.2d 225, 228 (1980). A cause of action has not been proven against Jordanian and the claim against it is dismissed.

■ For its breach of duty Bengal must repay Das the $1,800 he expended for the one-way tickets to Calcutta, the $240 he expended because of being forced to wait until December 24 for passage, and finally, $1,000 for the emotional distress Bengal inflicted on Das by its actions.

The cross-claim by Bengal against Jordanian is dismissed.

Judgment shall be entered accordingly.