■ SAMUEL H. MARCUS, Respondent, v ZENITH TRAVEL, INC., Appellant.—Order, Supreme Court, New York County (David B. Saxe, J.), entered October 18, 1990, which denied, in part, defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff and his wife consulted with defendant travel agent for the purpose of arranging an overseas tour. For $7000, defendant booked plaintiff and his wife on a tour packaged by an independent wholesaler who was fully identified to plaintiff; in addition, plaintiff paid $6000 for airfare arranged by defendant directly. As a result of problems in the management and operation of the wholesaler, some of which, including the freezing of bank accounts, bounced checks and reductions in staff, were published in the trade newspapers as early as May 1989, plaintiff and his wife arrived in Tokyo, Japan only to find that the hotel and other service providers would not honor their reservations and vouchers, apparently due to the wholesaler's failure to pay for the services. They were also informed that the remainder of their originally scheduled 16-day tour had been cancelled. After paying for hotel and other services out of their own pocket for three days, plaintiff and his wife returned to the United States.

Generally, where the wholesaler is fully disclosed to the traveler, the travel agent will not be held accountable for any dereliction of duty on the part of the wholesaler, provided, however, that the agent used reasonable diligence in selecting the wholesaler *(Bucholtz v Sirotkin Travel,* 80 Misc 2d 333, *affg* 74 Misc 2d 180). In this case, the complaint, as amplified by the submissions of the parties, is sufficient to state a cause of action against defendant travel agent for breach of this duty of reasonable care and diligence in selecting a wholesaler *(see, Levin v Kasmir World Travel,* 143 Misc 2d 245). Even if we were to treat the motion as one for summary judgment pursuant to CPLR 3211 (c), which the motion court expressly refrained from doing, we would find that the parties' submissions merely raise issues of fact.

Plaintiff's cause of action for negligent misrepresentation, based on defendant's assurances that the wholesaler would be

able to deliver the agreed upon services after plaintiff expressed concern over a number of last minute changes in his itinerary unilaterally made by the wholesaler, was properly sustained. We find the remainder of defendant's arguments unpersuasive. Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.