■ CATHERINE CRETEAU et al., Respondents, v LIBERTY TRAVEL, INC., et al., Appellants. [600 NYS2d 576] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for personal injuries and the loss of personal property sustained when they were robbed and one of them was raped, at gunpoint, while vacationing in Jamaica. Their complaint asserts causes of action sounding in negligence and breach of express and implied warranty against Liberty Travel, Inc. (Liberty), which made the arrangements for air travel and lodging accommodations, and Villalife, Ltd., doing business under the name LaCure. LaCure apparently leased to plaintiffs the Jamaican accommodations known as Villa Carmel and allegedly provided, supervised or approved its staff, including a night security guard. Defendants appeal from an order that denied their summary judgment motions without prejudice and pending discovery.

Supreme Court properly denied summary judgment on the negligence cause of action against Liberty. A travel agent ordinarily is not an insurer or guarantor of its customers' safety and, without a specific request, is not obligated to investigate safety factors of lodging accommodations (see, *Weiner v British Overseas Airways Corp.*, 60 AD2d 427, 433; *Dorkin v American Express Co.*, 74 Misc 2d 673, *affd* 43 AD2d 877; *Sacks v Loew's Theatres*, 47 Misc 2d 854, 856; see also, *Lavine v General Mills*, 519 F Supp 332). Nevertheless, where the agent has knowledge of safety factors or where such information is readily available, a travel agent has the duty to inform the customer of those factors (see, *Wilson v American Trans Air*, 874 F2d 386, 390-391; *Fling v Hollywood Travel & Tours*, 765 F Supp 1302, 1305, *affd* 933 F2d 1008; *cf., Levin v Kasmir World Travel*, 143 Misc 2d 245, 247; see generally, Dickerson, Travel Law § 5.03 [3]; Annotation, *Liability of Travel Publication, Travel Agent, or Similar Party for Personal Injury or Death of Traveler*, 2 ALR5th 396). Plaintiffs' opposing papers adequately demonstrated that facts establish-

ing such notice may exist but could not be stated until discovery has been completed, and thus denial of summary judgment was proper (see, CPLR 3212 [f]; *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 287).

LaCure's summary judgment motion on the negligence and implied warranty causes of action was properly denied for the same reason. The full scope of LaCure's relationship and involvement with Villa Carmel and the arrangements made by Liberty could not be ascertained by plaintiffs without further discovery.

The causes of action against Liberty and LaCure for breach of express warranty, however, are dismissed. Plaintiffs have failed to show that representatives of Liberty or LaCure made a representation amounting to a warranty of safety. Further, such a warranty cannot be implied from the representation that a security guard would be provided (see, *Lavine v General Mills, supra; Raskin v Ulysses Lines,* US Dist Ct, SD NY, Sept. 10, 1980, Werker, J. [79 Civ 4275]), especially where, as here, it is undisputed that a security guard was provided (see, *Taylor v Trans World Airlines,* 56 Ohio App 2d 117, 381 NE2d 944). Under the circumstances, the cause of action against Liberty for breach of implied warranty also is dismissed. (Appeals from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Doerr and Davis, JJ.