■ RONALD T. SCHAEFER et al., Respondents, v GRAUSMALL RESTAURANT CORP., Doing Business as STAGE DELICATESSEN AND RESTAURANT, Appellant. [601 NYS2d 611] —Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered June 2, 1992 upon a jury verdict in favor of plaintiffs and against defendant, in the sum of $44,117.62, inclusive of interest, costs and disbursements, unanimously affirmed, without costs.

Evidence at trial permitted the jury to find that on the evening in question, plaintiffs, tourists from out of town, dined at defendant delicatessen; that plaintiff husband wore an expensive fur-lined coat and plaintiff wife an even more expensive Russian lynx fur coat; that after inquiring as to a coat check, plaintiffs were told there was none but that hooks were provided along the back wall; that plaintiffs hung their coats on the hooks, but, fearful of theft, arranged themselves

so that they could view their coats while they ate; that despite such vigilance, the coats had disappeared when plaintiffs went to retrieve them; and, that the next day, plaintiffs were advised by defendant's manager that thefts were common in the restaurant, but that warnings were not given so as not to "los[e] a lot of our tourist trade."

Since there was no attempt to prove a bailment, any recovery must be had on a theory of negligence. We are not persuaded that the failure to detect the theft in itself constituted negligence, recovery in similar cases having been disallowed, whether the theory be negligence or bailment, in view of, *inter alia,* the common understanding of patrons as to the risk of theft under the circumstances and the impracticability of placing a duty on the management of the restaurant to police the premises against such thefts *(Wielar v Silver Std.,* 263 App Div 521; *Apfel v Whyte's, Inc.,* 110 Misc 670). Nevertheless, we affirm, since the statement by the restaurant manager, which was properly admitted as an admission against interest, permitted the jury to find that incidents of theft occurred with such frequency on the premises as to impose a duty on defendant to warn patrons of the risk in hanging their coats unattended. We have considered the remaining arguments, including those directed at various trial rulings, and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Asch, JJ.