OPINION OF THE COURT
Thomas A. Dickerson, J.
The plaintiff, Andrew Pellegrini (Pellegrini), dreamed of taking a Caribbean vacation featuring generous quantities of sun and fun. In pursuit of his dream Pellegrini contacted the defendant, Mark Felsen (Felsen), a travel agent who worked for the defendant, Landmark Travel Group (Landmark), a retail travel agency located in Peekskill, New York.
Felsen recommended a package tour vacation provided by Apple Vacations (Apple), a tour operator and travel wholesaler located in Newton Square, Pennsylvania. The Apple tour featured round-trip air transportation to the Bahamas, three nights accommodations at a hotel on Paradise Island and two meals a day all for a low, low $1,032 for two persons.
On April 4, 1994, Pellegrini informed Felsen and Landmark that he would purchase the Apple tour to the Bahamas. He *591 paid Apple $1,032 from which Felsen and Landmark, presumably, were paid commissions.
On April 18, 1994 Pellegrini met with Felsen to pick up the Apple tickets. Felsen explained that there was a problem, i.e., the Apple tour to the Bahamas did not provide for any meals. Two meals a day would cost an additional $300. Pellegrini refused to buy that which he had already paid for. However, before cancelling the Apple tour Pellegrini asked if he could cancel and still obtain a full refund of his $1,032 purchase price. Felsen assured Pellegrini that Apple would make a full refund and that he could cancel without penalty. In reliance thereon Pellegrini cancelled the Apple tour, returned the Apple tickets to Felsen and demanded a full refund of his purchase price.
When Felsen applied for a refund he discovered that Apple refused to refund any of the purchase price. In a June 7, 1994 statement Felsen stated: "On Wednesday April 14, 1994, Mr. Andrew Pellegrini did return his Apple Vacations Tickets to me stating he did not want to go and wanted a refund. He returned the tickets because meals and other amenities that were supposed to be included were not. He was never informed that the tickets were non-refundable.”
DISCUSSION
The plaintiff seeks the return of his purchase price of $1,032 from the travel agent, Felsen, and the travel agency, Landmark. Stated, simply, the plaintiff asserts that defendants misrepresented the availability of an Apple meal plan for which plaintiff had paid. When the plaintiff decided to cancel instead of paying an additional $300, the defendants failed to inform him of Apple’s nonrefundable ticket policy. The defendants promised that a refund would be forthcoming when, in fact, it was not.
Based upon the facts in this case the court finds that plaintiff has asserted the following causes of action: (1) breach of contract, (2) negligence, (3) negligent misrepresentation, (4) breach of fiduciary duty and (5) violation of General Business Law § 349 (unfair and deceptive business practices).

The Role of Travel Agents

There are over 40,000 United States travel agents and their role is critical in the marketing of travel services. For nearly 150 years travel counselors or advisors have provided much *592 needed information on destinations and the best way to get there (see generally, Friedheim, Travel Agents, Travel Agent Magazine Books, New York, New York 1992 [excellent history of travel agents and tour operators]). Travel agents interact with consumers in face-to-face transactions and their influence is profound. The role of travel agents in influencing consumers in selecting discrete travel services is high, e.g., destinations (49%), side trips (50%), airlines (55%), car rentals (60%), package tours (67%), hotels (69%) (49 Travel Weekly’s U.S. Agency Survey, No. 52, at 45 [June 28, 1990]). Such statistics underscore the evolution of travel agents from mere ticket dispensers to fiduciaries and travel professionals (see, CAB order 70-12-165, at 7 ["The travel agent * * * is not a mere dispenser of tickets * * * his role is more analogous to that of a fiduciary in whom the client places his trust”] [Dec. 31, 1970]).

Information Specialists and Professionals

Travel agents are best viewed as information specialists upon whom consumers rely for the provision of accurate information and the confirmation of travel arrangements. The contemporary travel agent is a professional, holds himself out as a travel expert (see, e.g, Levin v Kasmir World Travel, 143 Misc 2d 245 [1989] [consumer reliance upon travel agent expertise]; Bucholtz v Sirotkin Travel, 74 Misc 2d 180, affd 80 Misc 2d 333 [1974] [special fitness of travel agents to perform duties]; Rodriquez v Cardona Travel Bur., 216 NJ Super 226, 523 A2d 281 [1986] [travel agent held out as having special skills]; Barton v Wonderful World of Travel, 28 Ohio Misc 2d 6, 502 NE2d 715 [1986] [consumers rely upon expertise of travel agent]) and is relied upon much like other information specialists and professionals such as attorneys, doctors and accountants.

Breach of Contract

The plaintiff entered into a contract with his travel agent Felsen and Landmark whereby the latter would arrange for the purchase of an Apple tour to the Bahamas featuring air transportation, hotel accommodations and two meals a day in consideration for $1,032.
Defendants’ contractual obligations included verifying and confirming that such an Apple tour with the enumerated components and at the stated price was actually available *593 before they sold it (see, e.g., Das v Royal Jordanian Airlines, 766 F Supp 169 [SD NY 1991] [failure to verify that consumers "wait listed” on flight]; Burnap v Tribeca Travel, 21 CCH Aviation Cases 17,321 [NY Civ 1988] [failure to confirm reservations and note changes]; Van Rossem v Penney Travel Servs., 128 Misc 2d 50 [1985] [failure to confirm reservations]; Prechtl v Travel House, 17 CCH Aviation Cases 17,182 [NY Civ], mod 17 CCH Aviation Cases 17,183 [App Term 1981] [failure to independently verify and confirm reservations]; Trip Tours v Zamani, 22 CCH Aviation Cases 17,425 [NY Civ 1989] [failure to confirm availability of flight]; Rodriquez v Cardona Travel Bur., supra [failure to confirm reservations]; Slade v Cheung & Risser Enters., 10 Pa D & C 3d 627 [Pa CP 1979] [failure to verify availability of cruise ship]).
Defendants breached their contract with plaintiff by failing to verify and confirm the availability of the Apple tour promised and paid for and are liable for all appropriate damages arising therefrom.

Negligence

As the role of travel agents has expanded so have their duties and obligations to consumers (see, Levin v Kasmir World Travel, supra, 143 Misc 2d, at 247 ["role of the travel agent to provide all relevant and necessary information”]). Chief amongst these expanding obligations are ongoing duties to investigate destinations, suppliers and tour operators and to convey needed and relevant information to consumers (see, e.g., Barton v Wonderful World of Travel, supra [travel agent failed to discover that hotel closed]; Josephs v Fuller, 186 NJ Super 47, 451 A2d 203 [1982] [travel agent failed to discover that hotel substandard]; Tuohey v Trans Natl. Travel, 47 Pa D & C 3d 250 [Pa CP 1987] [travel agent failed to discover that hotel under construction]; Marcus v Zenith Travel, NYLJ, Nov. 19, 1990, at 25, col 3 [Sup Ct, NY County], affd 178 AD2d 372 [1991] [travel agent failed to reveal travel trade press reports of tour operator financial instability]; Trip Tours v Zamani, supra [travel agent failed to investigate reliability of tour operator and warn of "risks of using tour wholesalers for definitive travel plans”]; Rodriquez v Cardona Travel Bur., supra [travel agent failed to reveal riskiness of charters]; Levin v Kasmir World Travel, supra [failure to advise of need for visa]; Philippe v Lloyd’s Aero Boliviano, 589 So 2d 536 [La App 1992] [failure to advise of dangers of high altitude flying *594 in La Paz, Bolivia]; Loretti v Holiday Inns, 1986 WL 5339 [ED Pa] [tourist raped; travel agent has duty to investigate and warn of danger in destination area]; Schaefer v Grausmall Rest. Corp., 196 AD2d 692 [1993] [restaurant has duty to warn of incidence of patron’s coats being stolen]; Rodriquez v Cardona Travel Bur., supra [travel agent should recommend the purchase of travel insurance]; Rosen v DePorter-Butterworth Tours, 62 Ill App 3d 762, 379 NE2d 407 [1978] [travel agent failed to advise consumers of change in tour starting point]; Das v Royal Jordanian Airlines, supra [travel agent failed to inform consumers that flight "wait listed”]; Craig v Eastern Airlines, 19 CCH Aviation Cases 17,954 [DC Super 1985] [travel agent failed to warn of restricted use tickets]; Burnap v Tribeca Travel, supra [travel agent failed to advise of schedule changes]; American Express v Teitel, 18 CCH Aviation Cases 17,219 [NY Civ 1983] [travel agents must give correct information for use of tickets]; Vick v National Airlines, 16 CCH Aviation Cases 18,404 [La App 1982] [failure to warn of schedule changes]).
The travel agents Felsen and Landmark had a duty to investigate the actual availability of the promised and paid for Apple tour and to inform the plaintiff of information which impacted upon the travel contract, i.e., that the Apple tour did not feature a meal plan and that once purchased the Apple tour tickets were nonrefundable. Armed with accurate information Pellegrini could have acted to protect his interests by not purchasing the Apple tour or, alternatively, having purchased the tour, he could have avoided the nonrefundability penalty by taking the tour and suing later for the $300 meal plan which defendants promised and did not deliver. Defendants are liable for negligently failing to perform the aforesaid duties, said negligence being the proximate cause of the damages sustained by the plaintiff.

Negligent Misrepresentation

When Pellegrini learned that the Apple tour did not have the promised meal plan he asked Felsen if he could cancel without penalty. Felsen assured the plaintiff that the Apple tour tickets were refundable when, in fact, they were nonrefundable. Pellegrini relied upon Felsen’s misrepresentation, cancelled the tour and lost his full contract price of $1,032. This amounted to negligent misrepresentation for which the defendants are liable. In Marcus v Zenith Travel (NYLJ, Nov. *595 19, 1990, at 25, cols 4-5, supra), the consumer relied on false information and did not cancel a tour when he should have. The court in Marcus set forth the elements of a claim for negligent misrepresentation. "Plaintiff must demonstrate that [travel agent] had a duty to give correct information, that [travel agent] knew that the information was desired for a serious purpose, that [consumer] intended to rely and act on it, and that because the information was false [consumer] was injured. Finally, the relationship between [consumer and travel agent is such that consumer] had the right to rely upon the information and [travel agent] had a duty to disclose the information with care * * * The relationship between [consumer and travel agent] must be special * * * [consumer] asserts that he wanted to cancel the trip * * * but [travel agent] negligently promised that [tour operator] was financially secure and would deliver all vacation services. [Consumer] * * * relied on [travel agent’s] assurances because it was the travel agent, and did not cancel the trip”.
All of the elements of negligent misrepresentation are met herein including the existence of a special fiduciary relationship between Pellegrini and the travel agents Felsen and Landmark. Defendants are liable to the plaintiff for all appropriate damages arising from their negligent misrepresentation.

Breach of Fiduciary Duty

Professionalism and consumer reliance have created a special relationship between consumer and travel agent. Today’s travel agent is the consumer’s agent and a fiduciary with duties commensurate therewith (see, e.g., Marcus v Zenith Travel, supra [fiduciary]; Levin v Kasmir World Travel, supra, 143 Misc 2d, at 247 ["fiduciary on whose expertise a traveler may reasonably rely”]; Prechtl v Travel House, supra [fiduciary]; Rodriquez v Cardona Travel Bur., supra [fiduciary]; Craig v Eastern Airlines, supra [fiduciary]; Karkoni v American Airlines, 22 CCH Aviation Cases 17,653 [ND Ill 1989] [fiduciary]; Philippe v Lloyd’s Aero Boliviano, supra [travel agents and tour operators are fiduciaries]; Douglas v Steele, 816 P2d 586 [Okla Ct App 1991] [fiduciary]).
The failure of defendants to investigate and determine the availability of an Apple tour as promised and to inform Pellegrini that the Apple tickets were nonrefundable constituted a breach of fiduciary duty (see, e.g., Das v Royal Jorda *596 nian Airlines, supra [travel agent misinformed consumers about being "wait listed”; breach of fiduciary duty]; Marcus v Zenith Travel, supra [travel agent fails to reveal tour operator’s financial instability and misrepresents tour operator’s solvency; breach of fiduciary duty]; Levin v Kasmir World Travel, supra [failure to determine need for visa; breach of fiduciary duty]; Prechtl v Travel House, supra [failure to investigate and determine unavailability of flight; breach of fiduciary duty]; Rodriquez v Cardona Travel Bur., supra [breach of fiduciary duty in failing to confirm reservations]).

Violation of General Business Law § 349

General Business Law § 349 prohibits deceptive business practices and applies to the marketing and delivery of travel services (see, e.g., Vallery v Bermuda Star Line, 141 Misc 2d 395 [1988] [cruise facilities and services misrepresented]).
General Business Law § 349 is a broad and remedial statute (see generally, Moldovan, New York Creates a Private Right of Action to Combat Consumer Fraud: Caveat Venditor, 48 Brook L Rev 509 [1982]). The elements of a violation of General Business Law § 349 are (1) proof that the practice was deceptive or misleading in a material respect and (2) proof that plaintiff was injured (see, Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law art 22-A, at 565; McDonald v North Shore Yacht Sales, 134 Misc 2d 910 [1987]; Geismar v Abraham & Strauss, 109 Misc 2d 495 [1981]). There is no requirement under General Business Law § 349 that plaintiff prove that defendants’ practices or acts were intentional, fraudulent or even reckless. Nor is there any requirement under General Business Law § 349 that plaintiff prove that he relied upon defendants’ misrepresentations and deceptive practices.
In this case the defendants’ misrepresentation that the Apple tour tickets were refundable when, in fact, they were not was false, misleading and deceptive. Plaintiff relied upon this misrepresentation, canceled his Apple tour and lost his full purchase price. The defendants violated General Business Law § 349 and are liable for all damages permitted thereunder.
DAMAGES
This court finds that defendants are liable to the plaintiff on the following causes of action: (1) breach of contract, (2) *597 negligence, (3) negligent misrepresentation, (4) breach of fiduciary duty and (5) violation of General Business Law § 349.
The court awards the following damages to the plaintiff: first, damages will include the purchase price of $1,032; second, the plaintiff planned to take the Apple tour, and at the last minute, was forced to cancel and lost his full purchase price. Damages will include $250 for the harassment and annoyance experienced by the plaintiff (Dos v Royal Jordanian Airlines, supra [damages for emotional distress]; Kupferman v Pakistan Intl. Airlines, 108 Misc 2d 485 [1981] [damages for ruined vacation]) and for the loss of a planned vacation (see, Tuohey v Trans Natl. Travel, supra [damages for loss of what was to have been a pleasant week]; Vick v National Airlines, supra [damages for loss of refreshing memorable vacation]; Semrod v Mexicana Airlines, 22 CCH Aviation Cases 17,747 [D NJ 1991] [loss of the intangible pleasure of a 24-hour vacation day]).
[Portions of opinion omitted for purposes of publication.]