[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
A. Facts:
The plaintiffs, Emanuele Cicchiello, "Emanuele", and his mother, Paula Cicchiello, herein "Paula", bring this action against the defendant, Richard Reney, d/b/a Reney Tours. La Cabana, Inc., herein "La Cabana", is a resort located in Aruba. The plaintiffs allege that La Cabana advertised its resort at defendant Reney Tours and that Reney Tours "recommended that the plaintiff[s] . . . take their vacation at defendant La Cabana, Inc. resort in Aruba, and subsequently made all travel and reservation arrangements for the minor plaintiff and his family." The plaintiffs further allege that in reliance on the defendant Reney Tours the plaintiffs agreed to take their vacation at La Cabana, Inc. The plaintiffs allege that on March 19, 1992, Emanuele "turned on the gas stove in his room No. 432-C, when suddenly and without warning there was a gas explosion from the gas stove" causing injury to Emanuele. Paula brings a separate count for her damages. Lastly, the plaintiffs state "[t]he statute of limitations having expired, the plaintiff brings this action [counts three and four] pursuant to Connecticut General Statutes Section 52-593."
B. Discussion
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 745, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.). New Milford Savings Bank v. Roina, 38 Conn. App. 240,244, 659 A.2d 1226 (1995); Suarez v. Dickmont Plastics Corp.,
CT Page 4329 supra 229 Conn. 105.
1. Statute of Limitations:
The plaintiff's negligence claim is pursuant to § 52-584[1], which provides for a two year statute of limitations for injuries to a person arising from negligence. The plaintiffs were injured on March 19, 1992, the original complaint was filed on February 25, 1994 and returnable on March 29, 1994. On May 31, 1994 the plaintiffs' filed a motion to cite in the defendant Reney Tours. This motion was granted by STR Dorsey on August 1, 1994. The decision required the plaintiffs to amend their complaint prior to August 18, 1994 and to summon defendant Reney Tours to appear as a defendant on or before August 30, 1994.
STR Dorsey's decision is the law of the case and this court will defer to it. The defendant's argument that § 52-593 is premature were all made to STR Dorsey and he ruled against the defendants position. Lastly, it is noted that the plaintiff has subsequently withdrawn its action against Reney Tours Plane Broker, Inc., as filed February 27, 1995. Therefore, it is determined that the defendant's motion for summary judgment should be denied on this ground.
2. Merits:
The defendant alleges that it acted as a ticket agent and provided information on a resort specifically inquired about by the plaintiffs. As a mere ticket agent, the defendant alleges it has no liability, nor duty, to the plaintiffs. Sachs v. Lowe'sTheaters Inc., 263 N.Y.S.2d 253 (1965); Yanase v. AutomobileClub of Southern California, 212 Cal.App.3d 468, 2 A.L.R. 5th 1084 (1989). In support, the defendant relies on the affidavit of Gina Bellamy, an employee of Reney Tours. Ms. Bellamy's affidavit states:
 "I recall receiving a telephone call from Angelo Cicchiello. . . . in March, 1992 . . ." (5.).
 "[Mr. Angelo Cicchiello] . . . disclosed during our first telephone conversation that a relative of his . . . was a customer of ours and had specifically recommended that he call regarding a particular trip he had in mind." (7.).
"At that point, Mr. Angelo Cicchiello asked me if I was CT Page 4330 familiar with the facilities at `La Cabana,' . . ." (8.).
 "I asked that question of Mr. Reney. He reported . . . that he had been there for the facility's grand opening a few months previous . . . it was a new facility, and so far as he could determine, it was suitable for families." (10.).
 "At no time did I specifically encourage or discourage any one in the Cicchiello party from traveling to or staying at La Cabana. Rather, I simply attempted to gather information in response to a request for information about a specific facility which Mr. Cicchiello had in mind when he spoke with me." (15.).
The plaintiffs allege that the defendant was more then a mere ticket agent, having recommended the La Cabana and made all of the arrangements for the vacation. The plaintiffs rely on the counter-affidavit of Paula Cicchiello and the deposition transcript of Richard Reney. The relevant portions of the Paula Cicchiello's counter-affidavit state:
 "During March of 1992, a Gina Bellamy, an employee of Reney Tours of New Britain, Connecticut, called me inquiring whether I was interested to go on vacation with my family to Aruba on a junket." (1.).
 "Ms. Bellamy represented to me that Reney Tours . . . is in the business to arrange trips for customers that are interested in traveling to a specific location which provides casino gambling. Ms Bellamy also offered to make arrangements for me and my family to go on vacation to Aruba free of charge, including hotel and food, provided that I deposited the amount of $10,000 upon arrival at Aruba with the casino host. . . . I informed Ms. Bellamy that $10,000 was out of the question." (3.).
 ". . . Ms. Bellamy called me back and offered to arrange for myself and my family to go on vacation to Aruba at LaCabana Resort, provided that I agree to deposit the amount of $5,000 with the casino host upon arrival. . . ." (4.).
 "Gina Bellamy further informed me that Reney Tours would receive a commission on the gaming activity during our stay at LaCabana." (6.). CT Page 4331
 "Gina Bellamy was not my ticket agent. Gina Bellamy sold me and my family a program which assured us to accept free accommodations consisting of meals and beverages in return for my providing gaming activity at LaCabana Casino." (9.).
Neither counsel nor this court has been able to find any Connecticut authority directly on point, and thus, this court will adopt the rationale of the decisions in other jurisdictions. Taking the plaintiffs' counter-affidavit in the light most favorable, it raises several questions of material fact. For example, whether Reney Tours solicited the plaintiffs business, suggested the resort, provided all arrangements and received a commission on the gaming? If the defendant's actions were more extensive then a mere ticket agent, then this alleged conduct would create a duty running in favor of the plaintiffs to discover and disclose to the traveler material information. SeeJosephs v. Fuller (Club Dominicus), 169 N.J. Super. 47,451 A.2d 203, 205 (1982); Douglas v. Steele, 816 P.2d 586, 590 (Okla.App. 1991).
Having concluded that several issues of material fact exist, these issues of material fact preclude the granting of the motion for summary judgment.
C. Conclusion:
For the reasons herein stated, it is concluded that the defendant's motion for summary judgment, ought to be and is hereby denied.
It is so ordered.