■ RACHEL BENNETT, Individually and as Parent and Natural Guardian of TENICKIE LONDON, an Infant, Appellant, v SAEGER HOTELS, INC., Doing Business as CADILLAC HOTEL, Respondent. [645 NYS2d 678] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action on behalf of her daughter, who sustained serious injuries on July 16, 1989, at the age of 15, when she jumped from the seventh story window of defendant's hotel and fell 50 feet to the roof of an adjacent building. Plaintiff alleges that her daughter jumped from the window, not realizing its height, to escape from certain acquaintances who were registered at the hotel and who were attempting to impress her into prostitution. Defendant's version, supported by the statement of plaintiff's daughter to police immediately after the accident, is that plaintiff's daughter and Frankie Gissendanner were in bed in the hotel room when Gissendanner's mother and brother returned. Gissendanner's mother yelled at Gissendanner and plaintiff's daughter, in response to which the daughter ran into the bathroom, climbed out the window, and fell five stories.

The complaint alleges that defendant was negligent in failing to warn plaintiff's daughter of a defective or dangerous condition on the premises, i.e., the window, and in allowing her unsupervised access to a hotel room where disreputable persons foreseeably caused her harm. In moving for summary judgment, defendant contended that it had no knowledge of criminal propensities on the part of its guests, and no duty to check the backgrounds of those guests.

Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant sustained its burden on the motion of establishing its entitlement to judgment as a matter of law by demonstrating that it lacked notice of alleged criminal propensities of its guests, that it had no duty to investigate the backgrounds of its guests, that it had no duty or opportunity under the circumstances to control

the conduct of the guests, and that the incident alleged by plaintiff was not foreseeable (*cf., Wright v New York City Hous. Auth.*, 208 AD2d 327, 330; *Burgess v City of New York*, 205 AD2d 656, 657-658, *lv denied* 84 NY2d 808; *Dawson v New York City Hous. Auth.*, 203 AD2d 55; *Kistoo v City of New York*, 195 AD2d 403; *Pagan v Hampton Houses*, 187 AD2d 325; *Hendricks v Kempler*, 156 AD2d 425, *lv denied* 77 NY2d 808). Plaintiff failed to sustain her countervailing burden of raising triable questions of fact on the issues of duty, foreseeability, negligence, and causation (*cf., Rodriguez v New York City Hous. Auth.*, 87 NY2d 887, 888; *Burgess v City of New York, supra,* at 658; *Dawson v New York City Hous. Auth., supra,* at 55-56).

We have considered plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.