■ DONNA M. CAMP, Respondent, v JOSEPH LOUGHRAN et al., Defendants, and KINGSTON MOTEL CORP. et al., Appellants. [727

NYS2d 471] —In a consolidated action to recover damages for personal injuries, the defendants Kingston Motel Corp. and Getaway Vacations, Inc., separately appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated July 20, 2000, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that order is reversed, on the law, with one bill of costs, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On January 22, 1993, the plaintiff left on a group ski weekend sponsored by the defendant Getaway Weekend Vacations, Inc. (hereinafter Getaway). The weekend included parties with an open bar on Friday and Saturday nights. Getaway employees attended the parties. The group stayed at a motel owned by the defendant Kingston Motel Corp., d/b/a Holiday Inn of Kingston (hereinafter Kingston), which employed security guards to prevent any destruction to their property. During the course of the weekend the plaintiff, allegedly while intoxicated, was sexually assaulted by several of the other ski weekend participants in one of their hotel rooms. She subsequently commenced this action against, among others, Getaway and Kingston. Getaway and Kingston separately moved for summary judgment. The Supreme Court denied the motions, and we reverse.

Getaway and Kingston met their respective burdens of establishing that they did not breach any duty owed to the plaintiff to protect her from foreseeable harm (*see, Novikova v Greenbriar Owners Corp.,* 258 AD2d 149; *see also, Creteau v Liberty Travel,* 195 AD2d 1012; *Cohen v Heritage Motor Tours,* 205 AD2d 105; *Bennett v Saeger Hotels,* 229 AD2d 909), and the plaintiff failed to raise any issues of fact in that regard.

In any event, the intervening allegedly criminal acts were not foreseeable, and thus, severed any causal connection between the acts of Getaway and Kingston and the plaintiff's injuries (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.