**POPOVICH, Plaintiff-Appellant, v. PECHKUROW et,
Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3838.   Decided March 27, 1956.

Paul E. Stevens, Youngstown, for plaintiff-appellant.
Modarelli & Modarelli, Youngstown, for defendant-appellees.

**OPINION**

By PHILLIPS, PJ.

As his sole assignment of error filed in his appeal to this court on questions of law from a judgment of the court of common pleas entered in plaintiff's action to recover damages for personal injuries allegedly resulting directly and proximately from defendant's negligence, plaintiff claims "that the court of common pleas erred when at the close of all the evidence it directed the jury to return a verdict for the defendants," relying upon **Polando v. Vizzini, 58 Abs 466.**

About midnight on July 10, 1953, plaintiff was a patron of and seated at a table in defendant's tavern, when patron Scullen, who had been drinking, entered and was served beer by defendant Pechkurow. About an hour after he entered defendant's tavern patron Scullen began to verbally abuse an elderly woman patron sitting at another table and plaintiff "asked him to sit down and act like a gentleman."  Scullen then broke a glass and attacked plaintiff.

Defendant Pechkurow stopped the scuffle and Scullen left saying he was going home to get his gun and come back and shoot everyone in the tavern except patron Jesse Pyle and waitress Virginia Janis. Defendant Pechkurow locked the tavern door after Scullen left after

advising patrons to finish their drinks as it was near closing time and dimmed the lights, but did not notify the Police Department of such disturbance. In about fifteen minutes Scullen returned with his rifle, and while standing outside the door of the tavern fired several shots through the glass panel of the door, one of which hit plaintiff in his left leg necessitating it being amputated.

Plaintiff argues that defendants, tavern owners, owed a duty of reasonable and ordinary care to protect him as a patron and invited guest and to keep the tavern in reasonably safe condition, which includes guarding the tavern against "foreseeable circumstances, the natural consequences of which would probably result in injury to" him; that defendant Pechkurow served intoxicating liquor to the "already inflamed and drunken Scullen," and failed to call the police after "being directly warned of Scullen's intention; set and kept in force the chain of events which from the first wrongful act continued proximately and directly until it produced the injurious consequences, i. e., the injury to the plaintiff," notwithstanding the events intervening between the first "wrongful cause and the final injurious consequence" which "might with reasonable diligence have been foreseen the last result as well as the first, and every immediate result, is to be considered in law as the proximate result of the first wrongful cause," and cites **Mouse v. Central Savings & Trust Co., 120 Oh St 599.**

Further plaintiff claims that as ordinary prudent persons defendants should have foreseen what would probably result from their negligence in serving Scullen beer, and that the evidence was such as to present a question for the consideration of the jury because different minds could reach different conclusions.

If the evidence in this case had been submitted to the jury for deliberation the jury to find favorably for plaintiff therefrom would have had to infer that defendants were negligent toward plaintiff in failing to call the police after Scullen's threat that he was going home to get his gun and then return to shoot the designated persons in defendants' tavern. From that inference the jury would have had to infer that Scullen would return within fifteen minutes, the time within which it was testified something could have been done to prevent the shooting; and infer that had the police been called they would have arrived in that time to stop Scullen; and then infer that had the police been called Scullen would not have fired this gun through the locked tavern door, and plaintiff would not have been injured. Thus an inference would have been predicated upon an inference in violation of the settled law as announced in **Sobolovitz v. The Lubric Oil Co., 107 Oh St 204,** and **39 O. Jur., Section 191, Page 816,** where it is said respectively:—

"While it is true that a jury in the trial of civil cases deals with probabilities, it is limited in that respect to the ascertainment of the probable truth from the evidence and reasonable inferences deducible therefrom. An inference presupposes a premise from which it is deduced, and, as applied to evidence, the premise is some proven fact. The inference arises out of a process of reasoning, or from common experience, that when certain facts exist, certain other facts usually

co-ordinate therewith, but we find no authority for basing an inference upon an inference, and it therefore does not follow that because one essential element of a right to recover may be inferred from proof that all other necessary elements to recover may be inferred therefrom. * * *

"This court would be loath to lay down a rule which would relieve the plaintiff of the burden of proving the essential facts necessary to create liability and impose upon the defendant in the first instance the burden of proving the non-existence of such facts. But, on the contrary, the majority of this court adhere to the rule that before the defendant is put upon his defense the plaintiff must produce some proof of every fact necessary to create a liability, or some proof of a fact from which a reasonable inference may be deduced which tends to create a liability, and that an inference cannot be predicated upon an inference. * * *." Sobolovitz v. Oil Co., supra, at page 208.

"If, under the case made by the plaintiff, recovery can be based only upon one inference predicated upon another inference, the trial court, upon proper request, should direct a verdict for the defendant, as an inference thus raised is not sufficient to create a question for the jury. An inference, in order to create a question for the jury, must be based upon evidence, and not upon another inference." 39 **O. Jur., Page 816, Section 191.**

We believe, as the trial judge said, in directing a verdict for the defendants:—

"Now, if you had the situation where he came in and started a shooting, I think that would be different, I think that would be for the jury then, if the proprietor let him come back in with a gun, but here the proprietor would not let him in, he locked the door and closed the place. * * *

"* * * We have all those inferences in there before you get any negligence at all, so you have an inference piled on an inference."

If the rule of law were as plaintiff urges still from his evidence he could not recover.

"The general rule is that when, between negligence and the occurrence of an injury, there intervenes a wilful, malicious, and criminal act of a third person which causes the injury but was not intended by the negligent person and could not have been foreseen by him, the causal chain between the negligence and the accident is broken." 38 American Jurisprudence, Page 728, Section 71.

"Wrongful acts of independent third persons, not actually intended by the defendant, are not regarded by the law as natural consequences of his wrong, and he is not bound to anticipate the general probability of such acts, any more than a particular act by this or that individual. This rule applies a fortiori to criminal acts." 29 **O. Jur., Section 81, Page 500.**

The judgment of the court of common pleas is affirmed.

NICHOLS and GRIFFITH, JJ, concur in judgment.