TAYLOR, APPELLANT, *v.* TRANS WORLD AIRLINES, INC.,
APPELLEE.

(No. L-76-310—Decided March 25, 1977.)

*Mr. Stewart H. Aron,* for appellant.
*Mr. James F. Nooney,* for appellee.

POTTER, P. J. The plaintiff-appellant and her daughter participated in a European tour offered by the defendant-appellee. While in Rome the plaintiff-appellant had her purse stolen. The plaintiff's complaint filed in the Lucas County Court of Common Pleas requested $5,000 compensatory damages and $5,000 punitive damages for an alleged breach of a duty to warn the plaintiff of street crime in Rome and of express and implied warranties to provide a first-class hotel and tour guide.

Plaintiff voluntarily dismissed Galloway Travel, Inc., the agency which marketed the tour, as a defendant. Defendant's motion for a summary judgment was granted and from that judgment the plaintiff appeals.

Assignment of error No. 1 is, to wit:

"Summary judgment was improperly granted as defendant was not entitled to a judgment as a matter of law because a duty to warn of street crime existed, and

there is a genuine issue of fact as to whether defendant met this duty."

Plaintiff-appellant asserts that the defendant breached a duty to warn created either by implication or by an express contract clause. There was no specific contractual obligation to warn. For the elements creating a cause of action or implied obligation in regard to duty, see Prosser on Torts 143 (4th ed 1971),

"1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

"2. A failure on his part to conform to the standard required. * * *

"3. A reasonable close causal connection between conduct and the resulting injury. * * *

"4. Actual loss or damage resulting to the interests of another. * * *"

The plaintiff relies on *Stevenson* v. *Four Winds Travel, Inc.,* (C. A. 5, 1972), 462 F. 2d 899, in support of her argument that the defendant-appellee had a duty to warn her of the dangers lurking in the streets of Rome. In *Stevenson,* the plaintiff slipped on a pier during an escorted tour directed and selected by the defendant. The plaintiff in the case *sub judice* was robbed after she left the hotel to venture on her own. This distinguishes it from the fact situation in *Stevenson* v. *Four Winds Travel, Inc., supra.* The defendant is not liable for losses resulting from the unforseeable criminal acts of third persons. *Cf., First National Bank of Barnesville* v. *Western Union* (1876), 30 Ohio St. 555; *Popovich* v. *Pechkurow* (1956), 76 Ohio Law Abs. 200; *Cunningham* v. *Marable* (1947), 48 Ohio Law. Abs. 614.

Further, the plaintiff did not contradict with evidence the defendant's answer to interrogatories that it did warn the plaintiff to guard against purse snatchers.

Defendant supported its motion by its answers to plaintiff's interrogatories. Plaintiff filed only a brief in response. As to the dangers of this procedure, see Civ. R.

56(E) hereinafter set forth in our discussion of assignment of error No. 2.

Therefore, assignment of error No. 1 is not well taken. Assignment of error No. 2 is, to wit:

"Summary judgment was improperly granted as defendant was not entitled to judgment as a matter of law because defendant breached the warranties both expressed and implied created by the tour brochure."

The defendant made the following express warranty in its travel brochure:

"Tour Warranty

"More than anything, your Getaway vacation should be a thoroughly interesting and pleasant experience. We want you to know that TWA stands behind every tour as presented in this brochure.

"To make certain that all of the services and elements of these tours are provided as described here, TWA has established a staff of Getaway Field Supervisors whose specific function is to inspect and approve the accomodations and services set forth in this brochure, and to work closely with and monitor the quality and performance of the operator responsible for the ground arrangements included in each Getaway vacation.

"If any tour element or service is not delivered as described in this brochure, TWA certifies that an appropriate refund will be made of that portion of the tour price covering the undelivered tour element or service, subject to two conditions only: (1) failure to provide the tour element or service resulted from causes within the reasonable control of the tour operator, and (2) within sixty days following completion of the tour you have presented a written claim (including supporting details) to Customer Relations Department, Trans World Airlines, Inc., 605 Third Avenue, New York, New York 10016."

There is no evidence in the record which negates that the hotel in Rome was rated as first class and tour guide assistance was available.

Civ. R. 56(E) states in pertinent part:

"* * * When a motion for summary judgment is made

and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.''

The trial court properly found that the plaintiff failed to establish a breach of any express or implied warranty. Therefore, reasonable minds can come to but one conclusion and that conclusion is adverse to the plaintiff.

Assignment of error No. 2 is not well taken.

On consideration whereof the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed at appellant's costs.

*Judgment affirmed.*

BROWN and CONNORS, JJ., concur.