BARTON *v.* WONDERFUL WORLD OF
TRAVEL, INC. ET AL.

(No. 85CVF8641—Decided
April 29, 1986.)

Akron Municipal Court.

*James E. Davis,* for plaintiff.
*Robert J. Burns,* for defendant.

COLOPY, J.  Norman R. Barton and his wife were tourists who desired to take a November vacation in Florida in 1984. Defendant, Wonderful World of Travel, Inc., is a travel agency, a corporation licensed to do business by the state of Ohio. In March 1984, plaintiff contacted defendant and obtained information regarding their contemplated vacation. Plaintiff requested a room with a view of the ocean, a kitchenette so that they could prepare their own meals and be spared the expense of dining in restaurants, free parking, and a spa free for the use of the guests of the hotel. Plaintiff relied upon defendant's knowledge and expertise in this area. Defendant gave plaintiff several brochures of hotels and motels that would satisfy these requirements. After consultation with his wife, plaintiff selected the Beau Rivage in Bal Harbour, Florida, a Best Western Motel. At plaintiff's request, defendant called the Best Western reservation office in New York and was informed that although Beau Rivage carried the "Best Western" logo, it was in fact privately owned and reservation requests had to be made directly with the Beau Rivage. The airline reservations were made by defendant for the plaintiff in April 1984. The hotel reservations were made in August 1984. No other communication was had between plaintiff and defendant during the intervening period. In November 1984, plaintiff and his wife arrived in Florida, rented an auto and drove to the Beau Rivage, which they found closed, chained and guarded. Plaintiff called defendant immediately and was offered accommodations at another hotel, but this was only nominally open. It was undergoing extensive renovation. Any guests at the hotel would have had to tolerate construction dust, open ceilings and walls, and floors covered with sand, gravel and cement. Plaintiff turned down this offer.

The only other hotel or motel in the area was the Sheraton, but at almost triple the room cost. The Beau Rivage was to cost $408 for eight days. The Sheraton actually cost plaintiff $1,111.99 for the same period, an increase of $703.99. The Sheraton's room did overlook the ocean but did not have a kitchenette, free parking, or free spa privilege. Plaintiff spent part of the first three days of the vacation calling defendant, attempting to secure more suitable accommodations at the price contemplated. These calls cost plaintiff $35 in long distance phone bills. There was nothing else to be had. The plaintiff kept the Sheraton room, ate out at restaurants, paid for valet parking, and sued his travel agent upon his return.

A travel agent deals directly with his customer, the traveler. Although he receives his payment by way of a commission from the airline and hotel, this does not preclude him from being a special agent for his customer, the

traveler. *Bucholtz* v. *Sirotkin Travel, Ltd.* (1973), 74 Misc. 2d 180, 343 N.Y. Supp. 2d 438. In *Bucholtz,* the court stated regarding the responsibility of a travel agency to its clients:

"In an area so fraught with danger to the traveler, public policy demands that the travel agency be held responsible to: (a) verify or confirm the reservations and (b) use reasonable diligence in ascertaining the responsibility of any intervening 'wholesaler' or tour organizer." *Id.* at 182.

A travel agent has a duty to his customer to not only use reasonable care in making travel reservations, but also in confirming them prior to the date of the trip. *Josephs* v. *Fuller* (1982), 186 N.J. Super. 47, 451 A.2d 203. The traveler is in a precarious condition away from home and family and in an unfamiliar surrounding. The agent's duty is not only to make the reservations correctly but also to keep his customer informed of any changes which could reasonably be anticipated between the date of the making of the reservation and thirty days prior to the date the customer actually leaves. This does not mean that the travel agent is a guarantor against all ills that might befall his customer, but he is responsible for failure to exercise reasonable care in checking the reservations and confirming them as the time of the trip approaches. Between August and November is a three-month period. It is reasonable to anticipate that some change might have occurred, either with the airline schedule or with the hotel accommodations. In this day of instant communication, the travel agent has the duty to correctly update his reservation confirmation for the protection of his customer. This is certainly not unreasonable where the traveler is dependent upon the expertise and specialized facilities of his travel agent.

The court finds that the defendant was negligent in failing to correctly confirm the hotel reservations within thirty days of the trip and allows as damages the increased room cost of $703.99 plus $35 for phone calls.

The other allegations of damages as to the price of the restaurant food, valet tipping and spa use the court finds to be too speculative to be allowed.

Third-party defendant, Best Western Hotels of Miami Beach, Florida, is in default of answer to the third-party complaint. The court finds it to be liable for its negligence by not informing defendant and third-party plaintiff of the changed accommodations.

Judgment will be entered for plaintiff for $738.99 and costs against the defendant on the claim.

Judgment will be entered for third-party plaintiff for $738.99 and costs against third-party defendant on the third-party claim.

*Judgment accordingly.*