GELFAND ET AL., APPELLANTS, *v.* ACTION TRAVEL CENTER, INC., APPELLEE.

(No. 54448—Decided October 24, 1988.)

*Jonathan S. Rocker,* for appellants.

*Harold Pollock,* for appellee.

MARKUS, J. In separate actions against a cruise line and the travel agent who booked the cruise, the plaintiffs claimed that misrepresentations about the cruise caused them damages. The trial court previously dismissed the plaintiffs' action against the Florida cruise line for lack of jurisdiction. This court affirmed that decision in *Gelfand* v. *Costa Cruises* (Jan. 15, 1987), Cuyahoga App. No. 52411, unreported.

Thereafter, the trial court dismissed the present action against the local travel agent pursuant to Civ. R. 12(B)(6) and (7) for failure to state a claim. The court did not write an opinion or otherwise explain its ruling. On the plaintiff's appeal from that judgment, we hold that the complaint states a legally cognizable claim. Consequently, we reverse the dismissal and remand the case for further proceedings.

## I

On February 5, 1987, the plaintiffs filed the complaint in this action, which included the following allegations:

"1. In October, 1985 plaintiffs contacted defendant in Solon, Cuyahoga County and informed them that they wished to take a cruise but that because of plaintiff Barbara Gelfand's medical condition it was essential that the ship they travelled on be new since an older ship would have absorbed certain elements which would execerbate [sic] plaintiff's medical condition.

"2. Defendant thereupon supplied plaintiffs a brochure describing a new ship, the Costa Riviera (a copy of which brochure is attached hereto, marked Exhibit A, and made a part hereof). Defendant told plaintiffs that they would be travelling on this ship's maiden voyage.

"3. Plaintiffs booked passage on the ship and during the course of the voyage plaintiff, Barbara Gelfand, became extremely ill, required medical attention, was forced to leave the ship and fly to Fort Lauderdale, Florida for further medical attention and eventual hospitalization.

"4. Plaintiffs have determined and therefore now aver that the Costa Riviera is not a new ship as had been represented by defendant, both orally and in the brochure given to plaintiffs, but, in fact, it was a very old ship which had merely been refurbished, all contrary to the material misrepresentations made by defendant."

The complaint then alleges that they incurred economic and non-economic damages, "as a result of defendant's misrepresentations and negligence." The attached brochure included the phrases: "There's something new under the Caribbean sun and moon" and "[s]ail the new Costa Riviera * * *."

## II

The defendant's briefs in the trial court and this court acknowledge that it purchased the described cruise for the plaintiffs as their travel agent. The plaintiffs' four assigned errors challenge the grounds which the travel agent argued to obtain the dismissal: (a) the complaint fails to state a claim, (b) the alleged misrepresentations did not proximately cause the plaintiffs' injuries, (c) a contractual limitations clause in the "Contract of Carriage" barred this action as untimely, and (d) the plaintiffs failed to join the cruise line, which is an indispensable party.

The court should have denied the motion to dismiss unless the plaintiffs could prove no facts to support their complaint which would entitle them to relief. *O'Brien* v. *Univ. Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus. The complaint need not set forth each element of the cause of action with crystalline specificity. *Border City S. & L. Assn.* v. *Moan* (1984), 15 Ohio St. 3d 65, 66, 15 OBR 159, 160, 472 N.E. 2d 350, 351.

Contrary to the plaintiffs' contention, their complaint fails to state a fraud claim. They do not even argue in their brief that they allege a knowing or reckless misrepresentation with an intent to mislead. Cf. *Gaines* v. *Preterm-Cleveland, Inc.* (1987), 33 Ohio St. 3d 54, 55, 514 N.E. 2d 709, 712 (elements of a fraud action de-

fined). However, they sufficiently allege a negligence claim against an agent for failing to accomplish the agency duties with reasonable care.

Ordinarily, a travel agency is the customer's agent to make requested travel arrangements. *Barker* v. *North Shore Travel, Inc.* (Apr. 2, 1987), Cuyahoga App. No. 51974, unreported; *Barton* v. *Wonderful World of Travel, Inc.* (1986), 28 Ohio Misc. 2d 6, 6-7, 28 OBR 203, 204, 502 N.E. 2d 715, 716. Any agent has a duty to accomplish assigned tasks with reasonable care. Cf. *Stuart* v. *Natl. Indemn. Co.* (1982), 7 Ohio App. 3d 63, 66-67, 7 OBR 76, 79, 454 N.E. 2d 158, 163 (insurance agent); *Falls Lumber Co.* v. *Heman* (1961), 114 Ohio App. 262, 265, 19 O.O. 2d 165, 167, 181 N.E. 2d 713, 715 (financial institution acting as mortgagor's agent to disburse construction loan funds).

The general rule appears in 2 Restatement of the Law 2d, Agency (1958) 177, Section 379(1):

"Unless otherwise agreed, a paid agent is subject to a duty to the principal to act with standard care and with the skill which is standard in the locality for the kind of work which he is employed to perform and, in addition, to exercise any special skill that he has."

In substance, these plaintiffs allege that they told the defendant travel agent about the wife's physical condition which created special requirements for a cruise ship. They claim that the defendant travel agency caused them damages by negligently misrepresenting that the selected ship met those requirements. The court should not have dismissed their complaint without giving them an opportunity to satisfy their burden of proving that claim.

The travel agency argues that any such misrepresentation could not have been the proximate cause of the al-

leged damages. Negligent conduct proximately causes damage which is the natural and probable result of such conduct, and which the negligent party might or ought to have foreseen. *Grange Mut. Cas. Co.* v. *Fleming* (1982), 8 Ohio App. 3d 164, 166, 8 OBR 223, 226, 456 N.E. 2d 816, 819. The plaintiffs' complaint sufficiently alleges that the claimed negligent conduct proximately caused the described damages. Here again, the court should have permitted the plaintiffs to prove those allegations. Cf. *Baum* v. *Augenstein* (1983), 10 Ohio App. 3d 106, 107, 10 OBR 129, 130, 460 N.E. 2d 701, 703.

The travel agency next contends that a contractual limitation provision in the Contract of Carriage precluded this action as untimely. Without determining whether that contract protected the travel agency, we note that it is not part of the record here. Neither the trial court nor this court can consider its significance for a motion to dismiss, when it does not appear on the face of the complaint. Cf. *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 156, 4 OBR 396, 398, 447 N.E. 2d 1285, 1287; *Velotta* v. *Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376, 23 O.O. 3d 346, 433 N.E. 2d 147, paragraph three of the syllabus.

Finally, the travel agency urges that the plaintiffs failed to join an indispensable party, the cruise line. A tort victim can pursue any tortfeasors jointly or separately, even if some are agents of others. Cf. *Stuart* v. *Natl. Indem. Co., supra,* at 67, 7 OBR at 79, 454 N.E. 2d at 163. Thus, the cruise line is not an indispensable party here. See Civ. R. 19(B); *Layne* v. *Huffman* (1974), 43 Ohio App. 2d 53, 58, 72 O.O. 2d 202, 207, 333 N.E. 2d 147, 152.

We sustain the plaintiffs' assigned errors, reverse the trial court's judgment, and remand the case for further proceedings.

*Judgment reversed and cause remanded.*

Nahra and Stillman, JJ., concur.

Saul G. Stillman, J., retired, of the Eighth Appellate district, sitting by assignment.