**Rosemary SOVA, Plaintiff,**

v.

**APPLE VACATIONS, Defendant.**

No. C2–97–249.

United States District Court,
S.D. Ohio,
Eastern Division.

Sept. 2, 1997.

Jeffrey Alan Rich, Teaford, Rich, Coffman & Wheeler, Columbus, OH, for Plaintiff.

Karl R. Ulrich, Sebaly, Shillito & Dyer, Dayton, OH, Rodney E. Gould, Rubin, Hay & Gould, P.C., Framingham, MA, for Defendant.

## OPINION AND ORDER

GRAHAM, District Judge.

This is a personal injury action brought by plaintiff Rosemary Sova, an Ohio resident, against defendant Atkinson & Mullen Travel, Inc. d/b/a/ Apple Vacations, a Pennsylvania corporation. The action was originally filed in the Court of Common Pleas of Franklin County, Ohio on January 23, 1997, and was removed by the defendant to this court on February 27, 1997 on the jurisdictional basis of the diversity of citizenship of the parties. Plaintiff alleges that in October of 1995, she went on a vacation trip to Cancun, Mexico which she purchased from the defendant, and that while on this vacation, she injured her back during a scuba diving or snorkeling excursion. Plaintiff asserts a claim for medical expenses, lost income, pain and suffering, and permanent disability.

This matter is before the court on the motion of defendant to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56. Since the parties have presented evidence outside the pleadings, the court will treat this motion as one for summary judgment.

The procedure for granting summary judgment is found in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

ty is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex and Matsushita* effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479. In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257, 106 S.Ct. at 2514). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356). Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is,

the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

■ The parties have not addressed the issue of what law should be applied in ruling on defendant's motion. Plaintiff is a resident of Ohio, and defendant is a Pennsylvania corporation. However, the parties have not pointed to any conflict between the laws of Ohio and Pennsylvania which would affect the outcome of this case. The court will apply the law of Ohio to this case where Ohio law is available, *see Fling v. Hollywood Travel and Tours*, 765 F.Supp. 1302, 1305 (N.D.Ohio 1990), *aff'd*, 933 F.2d 1008 (6th Cir.1991), and will also consider the authorities from other jurisdictions which have been cited by the parties.

The evidence presented by the parties reveals that plaintiff participated in one of defendant's tours to Cancun, Mexico from October 23, 1995 to October 29, 1995. Defendant arranges package tours to Cancun consisting of round-trip air transportation, hotel accommodations, and transportation to and from the airport at Cancun and the hotel. Plaintiff was provided with a copy of the "Mexico—Cancun—Cozumel Travellers Guide," Exhibit 2 to defendant's motion for summary judgment, which describes various optional trips tour participants can take when they arrive in Cancun.

One such optional excursion described in the guide is a snorkeling excursion to Isla Mujeres, an island near Cancun. In October of 1995, the Isla Mujeres excursion was operated by a local Mexican company, Servicios de Buceo Especializados de Cancun, S.A. de C.V. ("Servicios"), which operated a vessel known as the *S.S. Neptuno*. According to the affidavit of Jeffrey M. Mullen, defendant's Director of Product Development, defendant has never owned, operated, managed, or controlled Servicios or the *Neptuno*, has never owned stock in any corporation owning Servicios, and has never been owned by or been a division or subsidiary of any corporation that owns Servicios. Mullen Affid., Para. 10. Mr. Mullen further states that defendant has never owned, operated, man-

aged, or controlled any other local Mexican excursion operator, and that neither defendant nor any company owned, operated, managed or controlled by defendant has ever provided individuals with excursions to Isla Mujeres or provided individuals with snorkeling excursions. Mullen Affid., Para. 11.

The evidence further indicates that if defendant's travelers decide to take an optional side tour such as the Isla Mujeres snorkeling excursion, the defendant's representative takes their payment on behalf of Servicios or other optional tour operator. There is no evidence that any employee of the defendant has any involvement in the operation of the actual excursion itself.

Plaintiff states in her affidavit that she considered the information provided in the travel guide and elected to go on the Isla Mujeres snorkeling excursion. Plaintiff states that there was no ladder at the side of the boat, and that at the conclusion of the snorkeling portion of the tour, the tour participants were pulled from the water by their arms by the tour guides. Plaintiff asserts that as she was being pulled from the water by her arms, her body was forced against the side of the boat, resulting in severe and permanent injury to her back.

■ Defendant first argues that it is entitled to summary judgment due to the presence of exclusionary language in the standard contract for the Cancun vacation in effect at the time plaintiff allegedly purchased her trip. This document, entitled "Fair Trade Contract," is found in Exhibit 1 to defendant's motion for summary judgment. Plaintiff has neither affirmed nor denied seeing this document, and she has not responded to defendant's disclaimer argument in her memorandum contra defendant's motion for summary judgment. Mr. Mullen states in paragraph 6 of his affidavit that this contract was included in the brochure which governed the trip plaintiff took in October of 1995, and in light of this evidence and the lack of any proof from plaintiff to the contrary, it would be reasonable to infer that plaintiff saw the brochure, including the disclaimer language.

The contract includes the following language:

Apple Vacations has made arrangements with airline, hotels and other independent suppliers to provide you with the services you purchase, we have taken all reasonable steps to ensure that proper arrangements have been made for your vacation. However, we do not accept any liability for the actions or omissions of these independent suppliers, over whom we have no direct control. If you find you have any dispute with such persons, however, we will give you such reasonable help as we can in resolving this.

\*　　\*　　\*　　\*　　\*　　\*

We are not responsible for losses or damages arising from physical or emotional injury, property or other economic damage caused by such factors beyond our control. Of course, we remain responsible for any negligent actions on our part. . . .

Apple Vacations is also not liable, and/or responsible for any injury you may incur while participating in watersports, bicycling, driving a car, or engaging in other optional tours and/or activities not included in your vacation.

Defendant also notes language at page 16 of the travel guide which states that "Apple Vacations assumes no responsibility for tours purchased through other companies." Defendant further points to language included in the paragraph in the travel guide which describes the Isla Mujeres excursion, at page 33, which states, **"Snorkeling gear is not included."** (Bold in original). This language supports defendant's argument that it had no control over the snorkeling activities in which plaintiff participated.

Disclaimers such as those contained in the above language have been upheld as barring liability on the part of a tour operator for the negligent conduct of third parties beyond the control of the operator. *See, e.g., Wilson v. American Trans Air, Inc.,* 874 F.2d 386 (7th Cir.1989); *Stafford v. Intrav, Inc.,* 841 F.Supp. 284, 287 (E.D.Mo.1993), *aff'd,* 16 F.3d 1228 (8th Cir.1994); *Loeb v. United States, Department of Interior,* 793 F.Supp. 431, 437 (E.D.N.Y.1992); *Connolly v. Samuelson,* 671 F.Supp. 1312, 1318 (D.Kan.1987). Such language has been viewed as evidence of a lack of intention on the part of the

defendant tour operator to assume a contractual obligation to guarantee or warrant the safety of the tour participant. *See, e.g., Klinghoffer v. S.N.C. Achille Lauro,* 816 F.Supp. 934, 936 (S.D.N.Y.1993) (disclaimer constituted evidence of lack of express agreement or warranty and barred liability regardless of whether it was contractually binding); *Dorkin v. American Express Co.,* 74 Misc.2d 673, 345 N.Y.S.2d 891 (N.Y.Sup. 1973), *aff'd,* 43 A.D.2d 877, 351 N.Y.S.2d 190 (1974).

The clear language of the provisions in this case indicates defendant's intent to disclaim liability for the negligent acts of third parties over which defendant had no control. Defendant has specifically disclaimed any liability for injuries occurring while the traveler is engaging in water sports such as snorkeling. These disclaimers are effective to bar plaintiff's recovery in this case.

■ Defendant further contends that it is entitled to summary judgment because the alleged negligent conduct which allegedly caused plaintiff's injuries was that of the agents of an independent supplier which was not under defendant's ownership or control. In *Foor v. Club America Vacations,* Slip Op. No. 89CV–10–7651 (Fr.Cty.Ohio Com.Pl. August 30, 1990), the court denied reconsideration of its prior decision granting summary judgment to a tour operator who did not own, operate, control, or manage another defendant allegedly responsible for misrepresentations to the plaintiff.

Other courts have concluded that the tour operator was not liable for injuries caused by the negligence of third parties over which the tour operator exercised no ownership or control. *See, e.g., Stafford,* 841 F.Supp. at 287 (tour operator not liable for injuries caused by fall on gangplank which was not under the control of the operator); *Loeb,* 793 F.Supp. at 436 (tour operator not liable for fall which occurred on premises of lodge which was not owned, operated or controlled by operator); *Fling,* 765 F.Supp. at 1306 (tour operator which did not own, operate or manage hotel not liable for criminal assault which occurred near hotel); *Pierre v. American–International Travel, Inc.,* 717 F.Supp. 435, 437 (M.D.La.1989) (travel agent not liable for fall on stairs while boarding airplane where agent did not control terminal areas); *La-*

*vine v. General Mills, Inc.,* 519 F.Supp. 332, 335 (N.D.Ga.1981) (tour operator not liable where it was not the owner of premises where the injury occurred); *McDermott v. Travellers Air Servs., Inc.,* 462 F.Supp. 1335, 1340 (M.D.Pa.1978) (tour operator not liable for acts of local tour guide who was not an employee of the operator or under its control).

■ Plaintiff states at paragraphs 4 and 5 of her affidavit that the Apple representative employed "hard sale tactics" in regard to the optional tours in the area, "which were sponsored by Apple Tours[,]" and that the representative indicated that the vacation would not be fully enjoyable unless the members of the group purchased optional tours through Apple. However, the fact that an optional tour is featured in an advertising brochure is not sufficient in itself to create liability on the part of the tour operator for the negligence of third party service providers. *Loeb,* 793 F.Supp. at 439; *Tucker v. Whitaker Travel, Ltd.,* 620 F.Supp. 578, 585 (E.D.Pa.1985), *aff'd,* 800 F.2d 1140 (3d Cir. 1986). The fact that Apple Vacations customers were urged to make their vacations more enjoyable by participating in the optional tours advertised in the vacation guide is not sufficient to convert independent third party providers into defendant's agents or to create liability on the part of the defendant.

There is uncontested evidence in this case that the defendant did not own, manage, operate or control Servicios, the company which operated the Isla Mujeres excursion. The injuries sustained by plaintiff were allegedly caused by agents or employees of Servicios during the Isla Mujeres excursion, not by agents of the defendant. The above authorities support the conclusion that defendant may not be held liable for the alleged negligent acts of the agents or employees of Servicios over which defendant exercised no control.

■ Defendants further argue that they had no duty to warn the plaintiff about safety hazards which might be encountered on the Isla Mujeres excursion. "[C]ourts have usually found that there never existed a relationship which would have given rise to a duty on the part of the travel agent to investigate the

safety of instrumentalities over which it had no control or knowledge." *McAleer v. Smith,* 860 F.Supp. 924, 931 (D.R.I.1994). In *Taylor v. Trans World Airlines, Inc.,* 56 Ohio App.2d 117, 381 N.E.2d 944 (1977), the court ruled that in the absence of a specific contractual obligation to warn, a tour operator is not liable on the basis of an implied duty for losses resulting when a participant in the tour ventures out on an independent activity and is injured by the unforeseeable criminal acts of a third person. This court concludes that Ohio courts would arrive at a like result in a case such as this where the tour participant sustains injuries as a result of the negligent acts of third persons. *See Fling,* 765 F.Supp. at 1305–1306 (finding that Ohio courts would not impose a duty on travel agent to investigate potential vacation sites or to warn travelers absent knowledge of a dangerous condition).

Courts in other jurisdictions have also concluded that there is no general duty on the part of a tour operator to warn tourists as to general safety precautions. *See, e.g., Manahan v. Yacht Haven Hotel,* 821 F.Supp. 1110, 1114 (D.V.I.1992), *aff'd,* 995 F.2d 218 (3d Cir.1993) (absent knowledge on part of tour operator of crime in area, operator not liable for alleged negligent statements of hotel employee which allegedly induced plaintiff to walk to restaurant, where plaintiff was assaulted while in route); *Loeb,* 793 F.Supp. at 438 ("The courts have properly reasoned that where tour companies are not owners or occupiers of property where plaintiffs are injured, the tour operator owes no duty to tour members to inform them of the possible hazardous conditions which may exist on the property of others[.]"); *Lavine,* 519 F.Supp. at 335 (no duty on part of tour operator to warn of dangers inherent in optional shore excursion run by third party); *Tucker,* 620 F.Supp. at 586 (no duty to warn about dangers of horseback riding where travel agencies did not own or control stables); *Connolly,* 671 F.Supp. at 1317 (tour operator had no duty to advise plaintiff regarding dangers of walking tour).

Courts have further noted that there is no duty on the part of a tour operator to warn a tour participant of obvious and apparent dangers. *See, e.g., Stafford,* 841 F.Supp. at 287;

*Manahan,* 821 F.Supp. at 1113; *Lavine,* 519 F.Supp. at 336.

■ There is no evidence in this case that defendant was aware of any particular risk or problem with the Isla Mujeres excursion. Mr. Mullen states in his affidavit that defendant had been advertising the Isla Mujeres excursion offered by Servicios since 1990, and that from that time to the present, over twenty thousand Apple Vacation tour participants had taken this excursion. Mullen Affid., Para. 14. For the years in which specific statistics are available, the evidence shows that 6,295 Apple Vacations customers took the *Neptuno* excursion in 1994; 6,317 in 1995; 4,432 in 1996; and 1,264 in the first three months of 1997. Thus, prorating the figures for 1995 by month, it is reasonable to conclude that over ten thousand people had preceded plaintiff on the Isla Mujeres excursion.

Mr. Mullen states in paragraph 15 of his affidavit that with the exception of the plaintiff, none of the Apple Vacations customers who participated in the Isla Mujeres excursion reported any injuries, problems or potentially negligent conduct regarding Servicios, the *Neptuno,* or the operation of the snorkeling . excursion. Mr. Mullen further states at paragraph 16 of his affidavit that at the time of plaintiff's accident, defendant had no reason to believe that Servicios was anything but a competent, well-run and safe operator of optional excursions.

No evidence has been presented which would indicate that defendant, at the time of plaintiff's excursion, had any knowledge of any information concerning the safety of the excursion which would create a duty on the part of defendant to warn plaintiff of any dangers.

Plaintiff relies on *Grigsby v. O.K. Travel,* Slip Op. No. C–960496, 1997 WL 106342 (Ohio App.1997), in which the Ohio Court of Appeals for the First Appellate District held that a travel agent could be held liable under the Ohio Consumer Sales Practices Act for failing to exercise reasonable care in selecting a tour provider by recommending a tour provider which was not properly registered to do business in Ohio, and for failing to inquire into the financial stability of the pro-

vider. *See also Gelfand v. Action Travel Center, Inc.*, 55 Ohio App.3d 193, 563 N.E.2d 317 (1988) (travel agent has duty to make travel arrangements with reasonable care; complaint against travel agent for negligent misrepresentation concerning condition of cruise ship stated a claim).

■ Although these cases and others have recognized that a travel agent or tour promoter may be held liable where its own negligent failure to select a competent contractor caused the harm on which the suit is based, *see Wilson*, 874 F.2d at 389, such a claim of negligent selection will not survive where the evidence shows that the information available to the defendant revealed no safety concerns sufficient to trigger a duty to investigate or to warn. *Id.* at 390. *See also Stafford*, 841 F.Supp. at 288.

■ The circumstances in this case differ from the booking of a vacation with a tour operator in *Grigsby* and *Gelfand*, and from the booking of hotel accommodations which were included in the tour package in *Wilson*. Here, the optional tours were not a part of the vacation package which plaintiff purchased from Apple Vacations. The evidence in this case shows that technically it was plaintiff who "selected" the Servicios Isla Mujeres excursion as an optional excursion, not the defendant. Defendant merely advertised the availability of these and other excursions in its travel guide and collected the money for these excursions as a convenience to its tour participants.

Even assuming that the advertising of optional tours such as the Isla Mujeres excursion can be considered a "selection" by the defendant, the evidence presented here is insufficient to create a genuine issue of material fact as to such a claim. Plaintiff has produced no evidence of any accidents or incidents involving the Isla Mujeres excursion other than her own alleged injuries. There is nothing in the record to indicate that the defendant was aware of any safety concerns, any problems with the Isla Mujeres excursion or any potentially negligent acts on the part of the excursion operator or its employees prior to the incident involving the plaintiff. Rather, the evidence shows that over ten thousand Apple Vacation customers who participated in the Isla Mujeres

excursion prior to plaintiff's trip expressed no complaints or concerns to the defendant, and that defendant was unaware of any problems with the operation of the excursion. This does not support a claim for negligent selection.

■ Plaintiff argues that defendant should be held liable for the negligent acts of the Servicios employees under a theory of express or implied warranty. Plaintiff states at paragraph 5 of her affidavit that the "Apple representative tauted [sic] the quality and safety of the optional tours [.]" Plaintiff further states that she relied on the following language contained on page 16 of the defendant's travel guide concerning the optional tours:

> It is important to know that optional tours sold in Cancun are priced the same, no matter where you purchase them. **APPLE VACATIONS** has prescreened all tours for quality, safety and your guarantee of satisfaction.... **APPLE VACATIONS** assumes no responsibility for tours purchased through other companies. Secure your optional tours by purchasing through **APPLE VACATIONS**. We will make sure that your satisfaction is guaranteed and the quality of the product is kept at the highest standards.

The language relied on by plaintiff states that the tour has been prescreened for quality and safety by the defendant. It contains no guarantee that the trip will be accident free and without problems. Plaintiff has introduced no evidence to show that defendant did not prescreen the trip for quality and safety. The evidence presented by defendant indicates that the trip was prescreened due to the fact that, prior to plaintiff's participation in the excursion, over ten thousand Apple Vacation customers took the excursion, and defendant received no complaints concerning the safety or operation of the excursion. The evidence is that defendant has received no complaints, aside from plaintiff's, concerning Servicios' operations from 1990 onward, despite the fact that over twenty thousand Apple Vacation customers have taken the *Neptuno* excursion during this time period. There is no evidence that de-

fendant had any reason to believe that the excursion was unsafely or negligently run.

Plaintiff indicates that the Apple representative touted the quality and safety of the optional tours. However, there is no evidence that the representative guaranteed that no accident or harm would befall participants in these tours.

The above language also states that "we will make sure that your satisfaction is guaranteed and the quality of the product is kept at the highest standards." These statements can be categorized to some extent as "puffing." *See, e.g., Wilson,* 874 F.2d at 391; *Lavine,* 519 F.Supp. at 336 ("a general promise that the trip would be 'safe and reliable' does not constitute a guarantee that no harm would befall plaintiff"). They do not amount to a guarantee that no mishap will ever occur.

There is no evidence that the Isla Mujeres excursion was not "kept at the highest standards" in the industry. The fact that defendant has received only one complaint, the plaintiff's, from over twenty thousand customers who have opted to go on the Isla Mujeres excursion is evidence that the Isla Mujeres excursion was kept at the highest standards. The fact that an enterprise is "kept at the highest standards" does not imply that its operations are immune from mishap. The guarantee of satisfaction contained in the brochure contains no statements indicating any intent on defendant's part to accept liability for personal injuries caused by the negligence of independent third parties.

Plaintiff notes the opinion in *Stevenson v. Four Winds Travel, Inc.,* 462 F.2d 899 (5th Cir.1972). However, the facts in that case are distinguishable from those in the present case. The brochure in that case informed travelers that they would be "cared for by a carefully selected Four Winds Tour escort" who was "mature, resourceful and travel-wise," and who "know[s] precisely what you will be seeing and doing every day." *Stevenson,* 462 F.2d at 903. The tour was "[g]uaranteed fully escorted from start to finish[.]" *Id.* The defendant admitted in an interrogatory that the tour director "assumes management of all matters pertaining to his tour." *Id.* at 906. The court in *Stevenson* concluded

that in light of these representations, the plaintiff had a right to expect that the tour director, an employee of the defendant, would warn her of the dangerous and slippery condition of the pier on which she fell.

In the instant case, the evidence presented reveals that the plaintiff's injuries were allegedly caused by the employees of an independent third party, not by an employee of the defendant. The brochure contains no representations that the optional tours would be conducted or supervised by an employee of the defendant who was responsible for caring for the tour participants.

The evidence presented fails to show the existence of a genuine issue of material fact on plaintiff's theory of express or implied warranty. The language in the travel guide and the statements of the Apple Vacations tour guide in regard to the safety of the optional tours, particularly when considered in context with the disclaimer language discussed above, do not constitute a warranty that the excursion will be free of accidents or a guarantee of protection against any negligent conduct on the part of the independent operator of the optional tour over which defendant had no control.

In accordance with the foregoing, the court finds that no genuine issue of material fact has been shown to exist which would preclude an award of summary judgment to the defendant on plaintiff's claims. The defendant's motion for summary judgment is granted, and the clerk shall enter judgment for the defendant.