JOURNAL ENTRY AND OPINION
Appellant, City of Cleveland, is appealing the trial court's decision after a bench trial entering judgement in favor of plaintiffs-appellees, West 11th Street Partnership and West Fifth Street Corporation. Appellees are appealing the order of the trial court denying appellees' motion for prejudgment interest. For the following reasons, we affirm.
West 11th Street Limited Partnership owns a construction and demolition debris landfill located in the City of Cleveland. West Fifth Street Corporation is the general partner of West 11th Street Limited Partnership and operator of the landfill. Appellees are suing the City for allowing sewage to leak onto appellees' landfill, which caused noxious odors.
The northeast portion of the landfill is abutted by land owned by the State of Ohio. The northwest corner of the landfill is abutted by homes on Spring Road. West 11th Street lies to the west of the landfill. Colonel Drive, a residential street, abuts the south side of the landfill. Panna Lane and Tom Lane are residential streets located to the south of the landfill.
In 1989, appellees' landfill engineer, Jack McFadden observed sewage flowing from an embankment owned by the State of Ohio onto the landfill. Tests of the seepage confirmed that it was sanitary sewage. On January 15, 1990, McFadden sent a letter to appellant and Northeastern Ohio Regional Sewer District (NEORSD) concerning the seepage. NEORSD stopped the seepage.
In 1992, appellees again discovered sewage seeping from the State's property. Appellees asked appellant to check their sewers. The City's tests showed the City sewers were not leaking onto appellees' land. Later in 1992, the landfill emitted hydrogen sulfide odors and combustible methane gas.
In 1993, the Attorney General of Ohio sued appellees in Cuyahoga County Common Pleas Court to correct the noxious gas fumes. The City of Cleveland was an intervening plaintiff.
The City sued appellees in 1993 in Municipal Housing Court to enjoin the landfill from operating without a permit. The City refused to issue a permit because of the odor coming from the landfill. Appellees answered that the City, the Northeastern Ohio Regional Sewer District and the Ohio Department of Transportation were responsible for the pollution at the landfill. Appellant voluntarily dismissed this suit.
On April 12, 1994, a consent order was reached in the Attorney General's lawsuit. Appellees agreed to operate a leachate treatment system until 2025 to clean the groundwater and eliminate odors from the landfill.
Appellees' experts had three theories on the cause of the emissions. They believed the problem could be caused by: (1) gypsum board deposited in the landfill, (2) slag from steel mills or slag from the State freeway, or (3) sanitary sewage. The report of Chester Engineers in July, 1994 was inconclusive. In May, 1996, the report of Webster Engineering stated that the City sewers caused the gas emissions.
Appellees filed their complaint in this case on May 23, 1997. Appellees alleged that appellant caused a nuisance upon appellees' land.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT, MOTION IN LIMINE AND MOTIONS FOR A DIRECTED VERDICT, AND IN RENDERING A JUDGMENT FOR APPELLEES BECAUSE APPELLEE'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.
A four year statute of limitations applies to trespass to property and certain other torts. R.C. 2305.09. The defendant in this case is a political subdivision, so the more specific statute, R.C. 2744.04(A), applies. See Abdalla v. Olexia (1996), 113 Ohio App.3d 756; Koncsol v. City of Niles (1995), 105 Ohio App.3d 535. R.C. 2744.04(A) imposes a two year statute of limitations.
Appellant asserts that appellees first noticed the condition in 1989, 1992 and/or 1993. Appellant argues that this suit, filed in 1997, was filed more than two years after the cause of action accrued.
Appellees argue that the cause of action continually accrued by the doctrine of continuous trespass. Trespass occurs if one intentionally fails to remove from the land a thing which he is under a duty to remove. Boll v. Griffith (1987), 41 Ohio App.3d 356; Valley Railway Co. v. Franz (1885), 43 Ohio St. 623; Nieman v. NLO, Inc. (C.A.6 1997),108 F.3d 1546. Appellees' complaint alleged sufficient facts to allege a trespass. Appellees argued trespass in response to appellant's summary judgment motion, and at the trial.
There was evidence the trespass was continuing. The plaintiffs' experts testified that the cause of the emissions was the continuous and repeated exfiltration of sewage, and the quantity of sewage deposited over the years. This is not a case where the entire injury was caused by one act of the defendant. See Frisch v. Monfort Supply Co. (1997), Hamilton App. No. C-960522, unreported; Mitchell Energy Corp. v. Bartlett (Tex.App. 1997), 958 S.W.2d 430. The continuing trespass doctrine does not apply if the injury was permanent and not practically abatable. Nieman, supra; Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704; Hartland v. McCullough Constr. (July 14, 2000) Ottawa App. No. 97-CVC-190, unreported; Mitchell Energy, supra. In this case, the emissions were abatable by ceasing the flow of sewage onto the land and cleaning the groundwater.
Appellant states that R.C. 2744.04 precludes the application of the continuous trespass doctrine. R.C. 2744.04, as enacted by Am. Sub. H.B. 350, states that the period of limitation shall be tolled pursuant to R.C. 2305.16. R.C. 2305.16 tolls the statute of limitations for minors and those lacking capacity. Appellant argues that the statute does not mention tolling for continuous trespass, so the legislature intended that the continuous trespass doctrine would not apply. See generally Alden v. Summit Cty. (1996), 112 Ohio App.3d 460.
Am. Sub. H.B. 350 was found unconstitutional in toto. State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451 . The pre-H.B. 350 version of the statute does not mention any situation where tolling will or will not be permitted. Additionally, the continuous tort doctrine determines when the cause of action accrues, and is not really a tolling mechanism. The continuous tort doctrine is not of the same class as tolling for incompetency, so the mention of a tolling mechanism does not preclude application of the continuous tort doctrine. See Alden, supra. The language of R.C. 2744.04 does not preclude application of the continuous trespass doctrine.
The case law cited by appellant does not hold that a political subdivision cannot commit a continuous trespass. These cases hold that the plaintiff can only recover for injuries occurring within two years of filing suit. See Brown v. S. Ohio Corr. Facility (1991),62 Ohio Misc.2d 337; Pope v. Ohio Dept. of Transportation (1998),91 Ohio Misc.2d 230; Bays v. Kent State University (1997),86 Ohio Misc.2d 69. Appellees can at least recover for injuries incurred from May 23, 1995.
Furthermore, a cause of action for trespass underground does not accrue until the wrongdoer is discovered. R.C. 2305.09. Appellant argues that the language of R.C. 2744.04 prohibits the application of R.C. 2305.09.
The provision of R.C. 2305.09 concerning accrual of a cause of action for trespass underground does not conflict with R.C. 2744.04. As mentioned above, R.C. 2744.04 does not discuss when a cause of action accrues. R.C. 2305.09 and 2744.04 must be interpreted so that effect is given to both. See State v. Patterson(1998), 81 Ohio St.3d 524. Case law indicates that the discovery rule can apply to an action against a political subdivision. See Hollo v. Cleveland Municipal Court (April 24, 1994), Cuyahoga App. No. 65116, unreported; Kaderly v. Blumer (Oct. 15, 1996) Stark App. No. 1996CA00022, unreported.
Appellant asserts that reasonable minds can only conclude that appellees knew or should have known in 1990, 1992 or 1993 that the City caused the injury. There was evidence that appellees did not know, and could not have known, that the noxious gases were caused by effluent from the City's sewers, until May, 1996. The trial court's determination as to when appellees discovered the identity of the trespasser was supported by competent, credible evidence and cannot be reversed. See State ex. rel. BSW Dev. Group v. Dayton (1998), 83 Ohio St.3d 338, 344.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 AS A MATTER OF LAW, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DETERMINING THAT APPELLANT WAS NEGLIGENT AND THE DIRECT AND PROXIMATE CAUSE OF APPELLEES' DAMAGES, AND IN HOLDING APPELLANT LIABLE FOR DAMAGES DONE BY AN ENTITY THAT WAS NOT MADE A DEFENDANT IN THE LAWSUIT.
The City argues that (1) The evidence did not show the City was negligent; (2) The City was immune from liability; (3) The City could not be subject to joint and several liability; and (4) appellees failed to join a necessary party. We will first determine whether there was sufficient evidence the City was negligent.
Thomas Marsalis, an assistant commissioner from the City Department of Water Pollution Control, testified that the following sewers are not owned by the City: the corrugated storm sewer on Colonel Dr.; 12" sewer west of Colonel Dr; the CSO (combined sewer overflow) on West 11th; the 24" CSO near Spring Road and the 60" culvert that runs through the landfill. The city owns the sewers under the street and one foot back from the curb on Colonel Dr., Tom Lane, Panna Lane, West 11th and Spring Road. The City owns the corrugated storm outlet running from Colonel Dr. to the landfill. The CSOs were operated by the NEORSD.
James Jazbec testified that he works for AAA Pipe Cleaning Corp. Jazbec conducted the videotape testing of the City sewers. He saw cracked and broken pipes, missing mortar, improper tapped-in lateral pipes, separated joints and infiltration in the Spring Street, West 11th and Jennings sewers. Some of the pipes had a high level of sewage flowing through them.
Ernest Fisco, master plumber, testified that he worked for AAA Pipe Co. He conducted smoke tests of the sanitary sewers on Colonel Drive, Admiral Drive and Tom Lane. Smoke was coming from the ground indicating that the City sewers were broken. He also placed dye into the sewers on Colonel Drive. The dye appeared in the landfill a couple of days later.
Appellees' engineer, Jack McFadden, testified that the video-tapes showed that the City sewers were infiltrating. Infiltrating means that groundwater was flowing into the sewers. If water could flow into the sewers, it could flow out of them, or exfiltrate, if the pressure inside the sewer pipe was greater than the pressure outside. Forty-four homeowners on Spring Road complained of sewage back-up, indicating pressurization in the pipes.
Ted Webster testified that he is a geotechnical engineer. He reviewed the smoke tests, dye tests, videotape, water sampling and soil sampling. He concluded that the following City sewers were exfiltrating onto the landfill: storm and sanitary sewers on Colonel Drive, Tom Lane and Panna Drive; and sewers on W. 11th. The following non-city owned sewers were also exfiltrating: the Spring Road 24" CSO; W. 11th CSO; a portion of the 60" culvert underneath the landfill near W. 11th; the 12" CMP storm sewer west of the Colonel Drive residences. Lateral connections off the 60" culvert may also be leaking.
In his report, Webster only referred to the Spring Road 24" CSO and the West 11th Street CSO as significant sources of sewage onto the landfill. Webster testified that the 24" CSO caused a short-term problem, but it was fixed. The 24" CSO would have affected only the area immediately around that pipe. Exfiltration from the 24" CSO could not spread to the rest of the landfill, which was at a higher elevation. The long-term continuous problem was caused by the City sewers from around the site.
Webster stated it was impossible to determine what percentage each sewer pipe contributed in creating the problem on the landfill. The uniformity of gas over the land, the surrounding ash, and the relative geometry of the sewers indicated that the City sewers are a significant contributor of sewage onto the landfill.
The City conducted dye tests of the City sewers on West 11th, Spring Road, and Colonel Drive. These tests showed that these sewers were not exfiltrating into the landfill. The City's experts testified that bacteria present in the soil could cause the gas emissions without any exfiltration from the sewers.
There was some competent, credible evidence that the City sewers were exfiltrating. There was some competent, credible evidence that the City sewers were a substantial factor in creating the injury. See Pang v. Minch (1993), 53 Ohio St.3d 186. Appellees did not demonstrate that the harm was capable of apportionment. Id. This court cannot reverse a judgment as against the weight of the evidence if there was competent, credible evidence to support the judgment. See C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
Appellant contends that it is immune from liability. The maintenance, destruction, operation, and upkeep of a sewer system is defined as a proprietary function. R.C. 2744.01(G)(2)(d). Political subdivisions are liable for negligence in the performance of proprietary functions. R.C.2744.02(B)(2). The political subdivision is immune from liability for proprietary or government functions if the injury:
 Resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith or in a wanton and reckless manner.
R.C. 2744.03(A)(5).
There was evidence in this case indicating that the lack of maintenance of the sewer system caused the exfiltration. The defects in the sewers were not the result of the exercise of judgment or discretion, for which the government is exempt from liability. Cf. Smith v. Cincinnati Stormwater Mgt. Div. (1996), 111 Ohio App.3d 502.
Appellant asserts that appellees failed to join a necessary party, NEORSD. Civ.R. 19(A) provides:
 A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . . If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(G) and (H).
An obligor who is jointly and severally liable is not necessarily a party who is needed for just adjudication under Civ.R. 19(A). Gelfand v. Action Travel Ctr. Inc. (1988), 55 Ohio App.3d 193, 195; Reid v. Liberty Consumer Discount Co. of Pa. (E.D.Pa. 1980), 484 F. Supp. 435; Smith v. Coomer (Jan. 31, 1986) Warren App. No. CA84-09-060, unreported. The trial court should order the joinder of a joint and several tortfeasor if the party meets one of the criteria set out in Civ.R. 19(A). See Ohio Fair Plan Underwriting Assoc. v. Goldstein (1982), 2 Ohio App.3d 313; St. Clair Builders, Inc. v. Aetna Casualty and Surety Co. (Jul. 28, 1994), Cuyahoga App. No. 65893, unreported.
Civ.R. 19(A)(1) does not apply because appellees could obtain full relief without joining NEORSD, as appellant was jointly and severally liable for the entire amount of damages. See Sciko v. Cleveland Elec. Illum. Co. (1992), 83 Ohio App.3d 660; Gelfand, supra. Appellant would not be subject to suit by an absent party. See Kempe v. Cuyahoga County Welfare Depart. (June 30, 1988), Cuyahoga App. No. 53857, unreported; Bedel v. Thompson (S.D.Ohio 1984), 103 F.R.D. 78. Appellant may have a right of contribution from NEORSD, but this right can be enforced by a separate action. See R.C. 2307.31.
 The "complete relief" provision of Rule 19 relates to those persons already parties and does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible.
Bedel, supra; see also St. Clair Builders, Gelfand, supra.
Civ.R. 19(A)(2)(a) does not apply because this lawsuit would not impede NEORSD in defending itself. Collateral estoppel does not apply if different parties are involved. Civ.R. 19(A)(2)(b) does not apply because the lawsuit would not subject appellant to multiple liability. Appellant is jointly and severally liable for all the damages. See Bedel, supra; see also Sciko, supra. The trial court did not err in failing to order NEORSD to be joined as a party.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEES FAILED TO ASSERT THE CLAIMS OF THEIR COMPLAINT AS A COMPULSORY COUNTERCLAIM.
Appellees did not raise a counterclaim for trespass against appellant in the Attorney General's 1993 lawsuit. Appellant's motion to intervene in that suit was granted. Appellant did not attach a pleading to their motion to intervene, or subsequently file any pleading. Appellees filed a counterclaim against the City for refusing to allow regrading of the landfill. The Attorney General's lawsuit was settled and dismissed with prejudice. The City did not sign the settlement agreement.
Civ.R. 13(A) provides as follows:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . .
Failure to assert a counterclaim that is compulsory under Civ.R. 13 constitutes res judicata. Jackson v. Simmons (Mar. 4, 1993), Cuyahoga App. No. 61906, unreported; Climaco, Seminatore, Delligatti and Hollenbaugh, v. Carter (1995), 100 Ohio App.3d 313.
Appellant's motion to intervene was not proper because it was not accompanied by a pleading. State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections (1995), 74 Ohio St.3d 143; Civ.R. 24(C). Moreover, because appellant never filed a pleading, appellees were not required to file a responsive pleading. If a responsive pleading is not required, Civ.R. 13(A) does not bar a subsequent action for a compulsory counterclaim. See Puckett v. Osborne (June 28, 1979), Franklin App. No. 78AP-866, unreported; O'Connor v. Moore (Mar. 2, 1993), Adams App. No. 92-CA-525, unreported; Faris v. Fike (Aug. 23, 2000), Columbiana App. No. 99 CO 44, unreported; Haney v. Roberts (1998), 130 Ohio App.3d 293.
Accordingly, this assignment of error is overruled.
 IV.
Appellees' cross-assignment of error states:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST.
Appellees are entitled to prejudgment interest if appellant failed to make a good faith effort to settle the case, and appellees did not fail to make a good faith effort to settle the case. R.C. 1343.03(1)(C). Appellees submitted an affidavit from their attorney indicating that appellees made settlement offers. Appellant rejected the offers, and did not make any counter-offers. A party is not required to make a settlement offer if he has a good faith, reasonable belief that he has no liability. Kalain v. Smith (1986), 25 Ohio St.3d 157. The City's experts maintained that the City sewers were not exfiltrating and were not causing damage to appellees' property. The trial court could find that appellant had a good faith, reasonable belief that it was not liable. The trial court did not abuse its discretion in declining to order prejudgment interest.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellees and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for the appeal and cross-appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS.
ANNE KILBANE, J., CONCURS IN PART AND DISSENTS IN PART (SEE ATTACHED CONCURRING AND DISSENTING OPINION).